**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JENNIFER JARAMILLO GALLAGA** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No.:** |
| **JOSE ROBERTO ZAVALA RAMIREZ** | § | |
| | § | |
| | § | |
| **Respondent.** | § | |

**VERIFIED PETITION FOR RETURN OF CHILD TO PETITIONER AND REQUEST FOR EXPEDITED HEARING**

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague On October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. § 9001 et seq.**

## I. Preamble

1. Petitioner, Jennifer Jaramillo Gallaga, brings this Petition pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980[1] (hereinafter the "Hague Convention" or "Convention"), and the International Child Abduction Remedies Act[2] (hereinafter "ICARA"), 22 U.S.C. § 9001, et.seq. (1995). Copies of the Convention and ICARA are attached hereto as Exhibits "A" & "B", respectively.

2. The Convention and ICARA came into effect in the United States of America on July 1, 1998 and went into effect between the United States of America and Mexico, the habitual residence of the minor child, on October 1, 1991.

[1] T.I.A.S. No. 11,670, at 1, 22514 U.N.T.S. at 98, *reprinted* in 51 Fed. Reg. 10493 (1986), a copy of which is attached as Exhibit A.

[2] 22 U.S.C. §9001 et. seq. (formerly 42 U.S.C. § 11601, et. seq.) ICARA was created to deal with the sudden abduction of children and to allow a petitioner to assert his or her rights in exigent circumstances. See *Distler v. Distler*, 26 F.Supp.2d 723, 727 (D.N.J. 1998).

3. The objects of the Convention are as follows: (1) to secure the immediate return of a child wrongfully removed or wrongfully retained in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. *See* Hague Convention, Art. 1.[3]

4. The Convention applies to cases in which one parent wrongfully removes and/or retains his or her child, who is under the age the age of sixteen (16) years from the child's "habitual residence"[4] in breach of the other parent's custodial rights, which were actually being exercised at the time of the wrongful removal[5] or wrongful retention[6] of the child.

5. This case involves Respondent's wrongful removal of the parties' daughter, B.M.Z.[7] (hereinafter referred to as "the child"), who is under sixteen years of age, from the

---

[3] As has been stated by other courts addressing Hague cases, the Convention therefore authorizes a federal district court to determine the merits of the abduction claim but it does not allow it to consider the merits of any underlying custody dispute. *Morris v. Morris*, 55 F.Supp.2d 1156, 1160 (D. Colo. 1999) (recognizing that "[p]ursuant to Article 19 of the Convention, [this Court has] no power to pass on the merits of custody"); see also *Currier v. Currier*, 845 F.Supp. 916 (D. N.H. 1994) citing *Friedrich v. Friedrich*, 983 F2d 1396, 1399 (6th Cir. 1993); *Meredith v. Meredith*, 759 F.Supp. 1432, 1434 (D. Ariz. 1991). The court's role is not to make traditional custody decisions but to determine in what jurisdiction the child should be physically located that the proper jurisdiction can make those custody decisions. *Loos v. Manuel*, 621 A.2d 1077 (N.J. Super. Ct. Ch. Div. 1994).

[4] The Convention does not define the term "habitual residence." In *Larbie v. Larbie*, 690 F.3d 295, 310 (5th Cir. 2012), the Fifth Circuit stated that "[t]he inquiry into a child's habitual residence is not formulaic, rather it is a fact-intensive determination that necessarily varies with the circumstances of each case." (citing *Whiting v. Krassner*, 391 F.3d 540, 546 (3rd Cir. 2004). The inquiry requires the court to balance the interest of the child and the intentions of the parents. *See, e.g. Mozes v. Mozes*, 239 F.3d 1067, 1072-73 (9th Cir. 2002). The Fifth Circuit "adopted an approach that beings with the parent's shared intent or settled purpose regarding their child's residence." (quoting *Nicolson v. Pappalardo*, 605 F.3d 100, 104 (1st Cir. 2010)).

[5] Article 3 of the Hague Convention provides that the removal or retention of a child is wrongful where it violates the custody rights of another person that were actually being exercised at the time of the removal or retention or would have been exercised but for the removal or retention." *Lops* at 935; "[t]he removal of a [child] from the country of his or her habitual residence is "wrongful" under the Hague Convention if a person in that country is, or would otherwise be exercising custody rights to the [child] under that country's laws at the moment of removal." *Friedrich*, 78 F.3d at 1064; see *Prevot v. Prevot*, 549 F.3d 556 (6th Circ. 1995); Convention, art. 3.

[6] Wrongful retention" occurs when it is in breach of rights of custody attributed to a person under the law of the country in which the child was habitually resident immediately before the retention; and at the time of retention these rights were actually exercised, or would have been so exercised, but for the wrongful retention. Convention, art. 3; *Feder v. Feder-Evans.* 63 F.3d 217, 225 (3rd Cir. 1995); *Wanninger v. Wanniger*, 850 F. Supp. 78, 80-87 (D. Mass. 1994).

[7] The child's full name and date of birth are intentionally omitted pursuant to the privacy provisions set forth in Fed. Rule Civ. Pro. 5.2 (a).

country of Mexico to the United States of America in violation of Petitioner's custody rights which she was validly exercising at the time of the wrongful removal.

## II. Jurisdiction

6. This Court has jurisdiction pursuant to 22 U.S.C. § 9001 (1995)[8] and because this case involves the removal and retention of a child under the age of sixteen form their habitual residence of Mexico to the United States of America.[9]

## III. Venue

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) because, upon information and belief, the child and Respondent are residing in Harris County.

## IV. Status of Petitioner and Child

8. Petitioner, Jennifer Jaramillo Gallaga, (hereinafter "Jaramillo Gallaga") and the Respondent, Jose Roberto Zavala Ramirez, (hereinafter "Zavala Ramirez") are the parents of the child, B.M.Z., who is the subject of this suit.

## V. Facts

9. Petitioner, Jaramillo Gallaga, and Respondent, Zavala Ramirez, are both citizens of Mexico. Respondent is believed to be a citizen of the United States as well.

10. The parties were married on May 4, 2011. A copy of Petitioner and Respondent's marriage license is attached as Exhibit "C".

11. B.M.Z. was born on ______, 2014, in Houston, Texas, and her birth was registered in Mexico. B.M.Z. is a citizen of both countries. See a copy of the birth certificate for

---

[8] A court considering an ICARA petition has jurisdiction to decide the merits only of the wrongful removal claim, not of any underlying custody dispute. The Hague Convention is intended to restore the pre-abduction status quo and to deter parents from crossing borders in search of a more sympathetic court. *Lops v. Lops*, 140 F.3d 927, 936 (11th Cir. 1998) (citations omitted).

[9] *Toren v. Toren*, 191 F.3d 23 (1st Cir. 1999).

B.M.Z., which is attached hereto as Exhibit "D", and registration of birth in Mexico, which is attached hereto as Exhibit "E".

12.     B.M.Z. is now four (4) years old.

13.     From March 2014, when she was less than a month old, she has resided with her mother, Petitioner, in Irapuato, Guanajuato, Mexico.

14.     At all times, Petitioner, Jaramillo Gallaga, was the primary caretaker for B.M.Z.

15.     On or about April 18, 2018, Respondent assaulted Petitioner in their residence in Irapuato, Guanajuato, Mexico.  Petitioner then made a police report. A copy of the report is attached as Exhibit "F". Petitioner then notified Respondent that she wanted to end their marriage.

16.     On information and belief, Petitioner believes that on or about April 24, 2018, while Petitioner was at her internship, Respondent wrongfully removed the child from her habitual residence in Mexico and took her to Houston, Texas. Petitioner immediately conveyed her objections to Respondent via electronic message.

17.     On or about April 25, 2018, Petitioner learned the child was in Houston, Texas through Respondent's aunt.

18.     Respondent, Zavala Ramirez, removed the minor child from Mexico, her country of habitual residence, to the United States, without the consent or acquiescence of Petitioner, Jaramillo Gallaga.

19.     Petitioner knows of no court order granting Respondent sole custody of the child.

20.     Upon information and belief, Respondent resides with the child at 5613 Norments, Houston, Texas.

21. Mexico is the child's habitual residence. The child has resided exclusively in Mexico since she was less than one month old. The child has attended school, received medical care, and enjoyed the company of extended family and friends in Mexico. See Petitioner's affidavit in compliance with the UCCJEA, which is attached hereto as Exhibit "G".

22. Petitioner, Jaramillo Gallaga, has requested the return of B.M.Z. to Mexico pursuant to her Application for Return of the Child under the Hague Convention on the Civil Aspects of International Child Abduction[10] ("Return Application"), a copy of which is attached hereto as Exhibit "H".

**VI. Wrongful Removal of Child by Respondent**

23. A removal or retention of a child is wrongful under Article 3 of the Convention if: (a) the removal or retention is in breach of custody rights attributed to a person, institution or other body, either jointly or alone, under the law of the state in which the child was habitually resident immediately before the removal or retention; and (b) at the time of the removal or retention, those custody rights were actually exercised or would have been exercised but for the removal or retention of the child. *See* Hague Convention, Arts. 3 and 5.

24. "Custody rights" under the Hague Convention are defined to include "rights relating to the care of the person of the child and in particular, the right to determine the child's place of residence." *See* Hague Convention, Art. 5(a).

25. The minor child, B.M.Z., was habitually residing in Mexico within the meaning of Article 3 of the Convention immediately prior to her removal to the United States. The child has resided in Mexico with Petitioner since she was less than one month old, until her wrongful removal to the United States by Respondent, Zavala Ramirez, on or about April 24, 2018.

---

[10] This Application is admissible pursuant to Article 23 of the Convention and 22 U.S.C. §9005.

26. Petitioner, Jaramillo Gallaga, has custody rights of B.M.Z., as the biological mother and natural guardian of the minor child under the law of Mexico, the child's habitual residence. A copy of the relevant provisions of the Civil Code of the State of Guanajuato, Mexico are attached as Exhibit "I" and incorporated by this reference.

27. At the time of the wrongful removal and wrongful retention of B.M.Z., Jaramillo Gallaga had actual possession and control over the children and was actually exercising her custodial rights and responsibilities toward the child. As such, Petitioner, Jaramillo Gallaga, was exercising her custody rights within the meaning of Articles 3 and 5 of the Convention.[11]

28. Respondent, Zavala Ramirez's, unilateral removal of B.M.Z. breached Petitioner, Jaramillo Gallaga's, custody rights under the applicable laws of the State of Guanajuato, Mexico and thus, constitutes a wrongful removal within the meaning of Articles 3 and 5 of the Convention.

29. Petitioner, Jaramillo Gallaga, did not grant Respondent, Zavala Ramirez, permission to remove the child from her residence in Mexico. Prior to the removal, Jaramillo Gallaga had repeatedly conveyed her objection to the potential removal of the child from Mexico. Upon learning of her removal, Jaramillo Gallaga immediately renewed her objection to the removal of B.M.Z. and conveyed the objection to Zavala Ramirez, but he refused to return the child to her.

30. On or about April 25, 2018, Petitioner, Jaramillo Gallaga, learned that she could seek the child's return via the legal remedies available to her via the Hague Convention, and she

[11] The issue of "custody" must be addressed under the laws of the state in which the child was habitually resident at the time of his or her wrongful removal. *Pesin v. Rodriguez*, 77 F.Supp. 2d 1277, 1284 (S.D. Fl. 1999); see also, *Saldivar v. Rodela*, 894 F.Supp.2d 610, 621 (W.D. Tx. 2012); *Whallon v. Lynn*, 230 F.3d 450 (1st Cir. 2000); *Friedrich*, 983 F.2d at 1402; *Ohlander v. Larson*, 114 F.3d 1531, 1541 (10th Cir. 1997) (stating that the Convention was meant, in part, to lend priority to the custody determination hailing from the child's state of habitual residence. Pursuant to Article 14 of the Convention, this Court "may take notice directly of the law of . . . the State of habitual residence of the child, without recourse to the specific procedures for the proof of that law . . . ." See also Fed. R. Civ. P. 44.1.

immediately prepared and submitted an Application for Return of the Child with the Mexican Central Authority and United States Department of State's Office of Children's Issues.

31. This Petition is filed less than one year from Respondent's wrongful removal of the child from Mexico.

## VII. Provisional Remedies[12]

32. Petitioner, Jaramillo Gallaga, requests for the physical and emotional health and safety of B.M.Z., that she be given immediate, increased, unsupervised access to the child, and immediate, regular, and unfettered telephonic and/or computer/skype access to the child to B.M.Z., pending further hearing in this Court.

33. Petitioner, Jaramillo Gallaga, requests an expedited hearing on the trial on the merits.

## VIII. Notice of Hearing

34. Pursuant to 22 U.S.C. § 9003(c), Respondent, Zavala Ramirez, will be given notice of any hearing in accordance with Texas Family Code Section 152.205, Section 152.309.[13]

[12] This Court "[i]n furtherance of the objectives of . . . the Convention . . . may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the children involved or to prevent the further removal or concealment before the final disposition of the petition." 42 U.S.C. 11604 (1995).

[13] The Convention itself does not specify any specific notice requirements. ICARA provides that notice be given in accordance with the applicable law governing notice in interstate children custody proceedings. 42 U.S.C. § 11603(c). In the United States, the Parental Kidnapping Prevention Act ("PKPA") and the Uniform Children Custody Jurisdiction and Enforcement Act ("UCCJEA") govern notice in interstate children custody proceedings. *Klam v. Klam*, 797 F. Supp. 202, 205 (E.D.N.Y. 1992). The UCCJEA and Part (e) of the PKPA provide that reasonable notice and opportunity to be heard must be given to all parties before a custody determination is made. The UCCJEA further provides that notice shall be given in a manner reasonably calculated to give actual notice. In Texas, the relevant statute is found in this State's UCCJEA in Texas Family Code, Title 5, Chapter 152. The Notice section provides, in pertinent part, that notice and an opportunity to be heard shall be given in a manner reasonably calculated to give actual notice. *Id.*.

## IX. Attorneys' Fees and Costs Including Transportation Expenses Pursuant to Convention Article 26 and 22 U.S.C. § 9007

35. Petitioner, Jaramillo Gallaga, has incurred substantial expenses as a result of the wrongful removal and wrongful retention of the child by Respondent, Zavala Ramirez. Petitioner, Jaramillo Gallaga, will submit a copy of all expenditures as soon as practicable and possible and will amend these costs, from time to time, according to proof and in light of further expenditure required because of this wrongful removal and wrongful retention.

36. Petitioner, Jaramillo Gallaga, respectfully requests that this Court award all legal costs and fees incurred to date as required by 22 U.S.C. § 9007, reserving jurisdiction over further expenses.

## X. Relief Requested

37. **WHEREFORE**, Petitioner, Jaramillo Gallaga, respectfully requests the following relief:

a. an immediate Order granting Petitioner, Jaramillo Gallaga, increased and immediate unsupervised in person access to the child, and immediate, regular, and unfettered telephonic and/or computer/skype access to the child, B.M.Z., pending further resolution of this matter;

b. an Order granting Jaramillo Gallaga's Petition for Return and directing a prompt return of the child to her habitual residence of Mexico;

c. an Order awarding Jaramillo Gallaga or her authorized representative immediate physical custody of the child for the purpose of returning the child to her country of habitual residence of Mexico;

d. an Order directing Zavala Ramirez to pay all legal fees, costs, travel and other costs and fees resulting from this wrongful removal of the child; and

e. any such further relief as justice and its cause may require.

Respectfully submitted,

SOUTH TEXAS COLLEGE OF LAW HOUSTON
RANDALL O. SORRELS LEGAL CLINICS

By:/s/Kimberly Ashworth___________________
Kimberly Ashworth, TX SBN: 24075799
1303 San Jacinto
Houston, Texas 77002
Tel: (713) 659-2990
Fax: (713) 646-2962
Email: kashworth@stcl.edu

ATTORNEY FOR PETITIONER

**TRANSLATOR'S CERTIFICATE**

I, Natalie Romero, being fluent in the English and Spanish languages, hereby certify that I have translated the foregoing Petition for Return of Child to Petitioner to JENNIFER JARAMILLO GALLAGA and she has indicated to me that she fully understands it.

Natalie Romero
Signature of Translator

**VERIFICATION**

I, JENNIFER JARAMILLO GALLAGA, solemnly declare and affirm under the penalties of perjury and the laws of the United States of American, that the contents of the foregoing Petition are true to the best of my knowledge, information, and belief.

01/31/19
Date

Signature

ELIZABETH SCALLAN
Notary Public, State of Texas
Comm. Expires 12-19-2021
Notary ID 124020326

January 31, 2019
Harris County, TX



**28. CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION**[1]

*(Concluded 25 October 1980)*

The States signatory to the present Convention,
Firmly convinced that the interests of children are of paramount importance in matters relating to their custody,
Desiring to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access,
Have resolved to conclude a Convention to this effect, and have agreed upon the following provisions –

CHAPTER I – SCOPE OF THE CONVENTION

Article 1

The objects of the present Convention are –
*a)* to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and
*b)* to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

Article 2

Contracting States shall take all appropriate measures to secure within their territories the implementation of the objects of the Convention. For this purpose they shall use the most expeditious procedures available.

Article 3

The removal or the retention of a child is to be considered wrongful where –
*a)* it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
*b)* at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

The rights of custody mentioned in sub-paragraph *a)* above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State.

---

[1] This Convention, including related materials, is accessible on the website of the Hague Conference on Private International Law (www.hcch.net), under "Conventions" or under the "Child Abduction Section". For the full history of the Convention, see Hague Conference on Private International Law, *Actes et documents de la Quatorzième session (1980)*, Tome III, *Child abduction* (ISBN 90 12 03616 X, 481 pp.).

EXHIBIT

A

Article 4

The Convention shall apply to any child who was habitually resident in a Contracting State immediately before any breach of custody or access rights. The Convention shall cease to apply when the child attains the age of 16 years.

Article 5

For the purposes of this Convention –

*a)* "rights of custody" shall include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence;

*b)* "rights of access" shall include the right to take a child for a limited period of time to a place other than the child's habitual residence.

## CHAPTER II – CENTRAL AUTHORITIES

Article 6

A Contracting State shall designate a Central Authority to discharge the duties which are imposed by the Convention upon such authorities.

Federal States, States with more than one system of law or States having autonomous territorial organisations shall be free to appoint more than one Central Authority and to specify the territorial extent of their powers. Where a State has appointed more than one Central Authority, it shall designate the Central Authority to which applications may be addressed for transmission to the appropriate Central Authority within that State.

Article 7

Central Authorities shall co-operate with each other and promote co-operation amongst the competent authorities in their respective States to secure the prompt return of children and to achieve the other objects of this Convention.

In particular, either directly or through any intermediary, they shall take all appropriate measures –

*a)* to discover the whereabouts of a child who has been wrongfully removed or retained;

*b)* to prevent further harm to the child or prejudice to interested parties by taking or causing to be taken provisional measures;

*c)* to secure the voluntary return of the child or to bring about an amicable resolution of the issues;

*d)* to exchange, where desirable, information relating to the social background of the child;

*e)* to provide information of a general character as to the law of their State in connection with the application of the Convention;

*f)* to initiate or facilitate the institution of judicial or administrative proceedings with a view to obtaining the return of the child and, in a proper case, to make arrangements for organising or securing the effective exercise of rights of access;

*g)* where the circumstances so require, to provide or facilitate the provision of legal aid and advice, including the participation of legal counsel and advisers;

*h)* to provide such administrative arrangements as may be necessary and appropriate to secure the safe return of the child;

*i)* to keep each other informed with respect to the operation of this Convention and, as far as possible, to eliminate any obstacles to its application.

## CHAPTER III – RETURN OF CHILDREN

Article 8

Any person, institution or other body claiming that a child has been removed or retained in breach of custody rights may apply either to the Central Authority of the child's habitual residence or to the Central Authority of any other Contracting State for assistance in securing the return of the child.

The application shall contain –

*a)* information concerning the identity of the applicant, of the child and of the person alleged to have removed or retained the child;
*b)* where available, the date of birth of the child;
*c)* the grounds on which the applicant's claim for return of the child is based;
*d)* all available information relating to the whereabouts of the child and the identity of the person with whom the child is presumed to be.

The application may be accompanied or supplemented by –
*e)* an authenticated copy of any relevant decision or agreement;
*f)* a certificate or an affidavit emanating from a Central Authority, or other competent authority of the State of the child's habitual residence, or from a qualified person, concerning the relevant law of that State;
*g)* any other relevant document.

Article 9

If the Central Authority which receives an application referred to in Article 8 has reason to believe that the child is in another Contracting State, it shall directly and without delay transmit the application to the Central Authority of that Contracting State and inform the requesting Central Authority, or the applicant, as the case may be.

Article 10

The Central Authority of the State where the child is shall take or cause to be taken all appropriate measures in order to obtain the voluntary return of the child.

Article 11

The judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of children.
If the judicial or administrative authority concerned has not reached a decision within six weeks from the date of commencement of the proceedings, the applicant or the Central Authority of the requested State, on its own initiative or if asked by the Central Authority of the requesting State, shall have the right to request a statement of the reasons for the delay. If a reply is received by the Central Authority of the requested State, that Authority shall transmit the reply to the Central Authority of the requesting State, or to the applicant, as the case may be.

Article 12

Where a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of the proceedings before the judicial or administrative authority of the Contracting State where the child is, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith.
The judicial or administrative authority, even where the proceedings have been commenced after the expiration of the period of one year referred to in the preceding paragraph, shall also order the return of the child, unless it is demonstrated that the child is now settled in its new environment.
Where the judicial or administrative authority in the requested State has reason to believe that the child has been taken to another State, it may stay the proceedings or dismiss the application for the return of the child.

Article 13

Notwithstanding the provisions of the preceding Article, the judicial or administrative authority of the requested State is not bound to order the return of the child if the person, institution or other body which opposes its return establishes that –
*a)* the person, institution or other body having the care of the person of the child was not actually exercising the custody rights at the time of removal or retention, or had consented to or subsequently acquiesced in the removal or retention; or

*b)* there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.

The judicial or administrative authority may also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views.

In considering the circumstances referred to in this Article, the judicial and administrative authorities shall take into account the information relating to the social background of the child provided by the Central Authority or other competent authority of the child's habitual residence.

Article 14

In ascertaining whether there has been a wrongful removal or retention within the meaning of Article 3, the judicial or administrative authorities of the requested State may take notice directly of the law of, and of judicial or administrative decisions, formally recognised or not in the State of the habitual residence of the child, without recourse to the specific procedures for the proof of that law or for the recognition of foreign decisions which would otherwise be applicable.

Article 15

The judicial or administrative authorities of a Contracting State may, prior to the making of an order for the return of the child, request that the applicant obtain from the authorities of the State of the habitual residence of the child a decision or other determination that the removal or retention was wrongful within the meaning of Article 3 of the Convention, where such a decision or determination may be obtained in that State. The Central Authorities of the Contracting States shall so far as practicable assist applicants to obtain such a decision or determination.

Article 16

After receiving notice of a wrongful removal or retention of a child in the sense of Article 3, the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of the notice.

Article 17

The sole fact that a decision relating to custody has been given in or is entitled to recognition in the requested State shall not be a ground for refusing to return a child under this Convention, but the judicial or administrative authorities of the requested State may take account of the reasons for that decision in applying this Convention.

Article 18

The provisions of this Chapter do not limit the power of a judicial or administrative authority to order the return of the child at any time.

Article 19

A decision under this Convention concerning the return of the child shall not be taken to be a determination on the merits of any custody issue.

Article 20

The return of the child under the provisions of Article 12 may be refused if this would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms.

## CHAPTER IV – RIGHTS OF ACCESS

Article 21

An application to make arrangements for organising or securing the effective exercise of rights of access may be presented to the Central Authorities of the Contracting States in the same way as an application for the return of a child.

The Central Authorities are bound by the obligations of co-operation which are set forth in Article 7 to promote the peaceful enjoyment of access rights and the fulfilment of any conditions to which the exercise of those rights may be subject. The Central Authorities shall take steps to remove, as far as possible, all obstacles to the exercise of such rights.

The Central Authorities, either directly or through intermediaries, may initiate or assist in the institution of proceedings with a view to organising or protecting these rights and securing respect for the conditions to which the exercise of these rights may be subject.

## CHAPTER V – GENERAL PROVISIONS

Article 22

No security, bond or deposit, however described, shall be required to guarantee the payment of costs and expenses in the judicial or administrative proceedings falling within the scope of this Convention.

Article 23

No legalisation or similar formality may be required in the context of this Convention.

Article 24

Any application, communication or other document sent to the Central Authority of the requested State shall be in the original language, and shall be accompanied by a translation into the official language or one of the official languages of the requested State or, where that is not feasible, a translation into French or English.

However, a Contracting State may, by making a reservation in accordance with Article 42, object to the use of either French or English, but not both, in any application, communication or other document sent to its Central Authority.

Article 25

Nationals of the Contracting States and persons who are habitually resident within those States shall be entitled in matters concerned with the application of this Convention to legal aid and advice in any other Contracting State on the same conditions as if they themselves were nationals of and habitually resident in that State.

Article 26

Each Central Authority shall bear its own costs in applying this Convention.

Central Authorities and other public services of Contracting States shall not impose any charges in relation to applications submitted under this Convention. In particular, they may not require any payment from the applicant towards the costs and expenses of the proceedings or, where applicable, those arising from the participation of legal counsel or advisers. However, they may require the payment of the expenses incurred or to be incurred in implementing the return of the child.

However, a Contracting State may, by making a reservation in accordance with Article 42, declare that it shall not be bound to assume any costs referred to in the preceding paragraph resulting from the participation of legal counsel or advisers or from court proceedings, except insofar as those costs may be covered by its system of legal aid and advice.

Upon ordering the return of a child or issuing an order concerning rights of access under this Convention, the judicial or administrative authorities may, where appropriate, direct the person who removed or retained the child, or who prevented the exercise of rights of access, to pay necessary expenses incurred by or on behalf of the applicant, including travel expenses, any costs incurred or payments made for locating the child, the costs of legal representation of the applicant, and those of returning the child.

Article 27

When it is manifest that the requirements of this Convention are not fulfilled or that the application is otherwise not well founded, a Central Authority is not bound to accept the application. In that case, the Central Authority shall forthwith inform the applicant or the Central Authority through which the application was submitted, as the case may be, of its reasons.

Article 28

A Central Authority may require that the application be accompanied by a written authorisation empowering it to act on behalf of the applicant, or to designate a representative so to act.

Article 29

This Convention shall not preclude any person, institution or body who claims that there has been a breach of custody or access rights within the meaning of Article 3 or 21 from applying directly to the judicial or administrative authorities of a Contracting State, whether or not under the provisions of this Convention.

Article 30

Any application submitted to the Central Authorities or directly to the judicial or administrative authorities of a Contracting State in accordance with the terms of this Convention, together with documents and any other information appended thereto or provided by a Central Authority, shall be admissible in the courts or administrative authorities of the Contracting States.

Article 31

In relation to a State which in matters of custody of children has two or more systems of law applicable in different territorial units –

*a)*      any reference to habitual residence in that State shall be construed as referring to habitual residence in a territorial unit of that State;

*b)*      any reference to the law of the State of habitual residence shall be construed as referring to the law of the territorial unit in that State where the child habitually resides.

Article 32

In relation to a State which in matters of custody of children has two or more systems of law applicable to different categories of persons, any reference to the law of that State shall be construed as referring to the legal system specified by the law of that State.

Article 33

A State within which different territorial units have their own rules of law in respect of custody of children shall not be bound to apply this Convention where a State with a unified system of law would not be bound to do so.

Article 34

This Convention shall take priority in matters within its scope over the *Convention of 5 October 1961 concerning the powers of authorities and the law applicable in respect of the protection of minors*, as between Parties to both Conventions. Otherwise the present Convention shall not restrict the application of an international instrument in force between the State of origin and the State addressed or other law of the State addressed for the purposes of obtaining the return of a child who has been wrongfully removed or retained or of organising access rights.

Article 35

This Convention shall apply as between Contracting States only to wrongful removals or retentions occurring after its entry into force in those States.
Where a declaration has been made under Article 39 or 40, the reference in the preceding paragraph to a Contracting State shall be taken to refer to the territorial unit or units in relation to which this Convention applies.

Article 36

Nothing in this Convention shall prevent two or more Contracting States, in order to limit the restrictions to which the return of the child may be subject, from agreeing among themselves to derogate from any provisions of this Convention which may imply such a restriction.

CHAPTER VI – FINAL CLAUSES

Article 37

The Convention shall be open for signature by the States which were Members of the Hague Conference on Private International Law at the time of its Fourteenth Session.
It shall be ratified, accepted or approved and the instruments of ratification, acceptance or approval shall be deposited with the Ministry of Foreign Affairs of the Kingdom of the Netherlands.

Article 38

Any other State may accede to the Convention.
The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Kingdom of the Netherlands.
The Convention shall enter into force for a State acceding to it on the first day of the third calendar month after the deposit of its instrument of accession.

The accession will have effect only as regards the relations between the acceding State and such Contracting States as will have declared their acceptance of the accession. Such a declaration will also have to be made by any Member State ratifying, accepting or approving the Convention after an accession. Such declaration shall be deposited at the Ministry of Foreign Affairs of the Kingdom of the Netherlands; this Ministry shall forward, through diplomatic channels, a certified copy to each of the Contracting States.

The Convention will enter into force as between the acceding State and the State that has declared its acceptance of the accession on the first day of the third calendar month after the deposit of the declaration of acceptance.

Article 39

Any State may, at the time of signature, ratification, acceptance, approval or accession, declare that the Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect at the time the Convention enters into force for that State.

Such declaration, as well as any subsequent extension, shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands.

Article 40

If a Contracting State has two or more territorial units in which different systems of law are applicable in relation to matters dealt with in this Convention, it may at the time of signature, ratification, acceptance, approval or accession declare that this Convention shall extend to all its territorial units or only to one or more of them and may modify this declaration by submitting another declaration at any time.

Any such declaration shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands and shall state expressly the territorial units to which the Convention applies.

Article 41

Where a Contracting State has a system of government under which executive, judicial and legislative powers are distributed between central and other authorities within that State, its signature or ratification, acceptance or approval of, or accession to this Convention, or its making of any declaration in terms of Article 40 shall carry no implication as to the internal distribution of powers within that State.

Article 42

Any State may, not later than the time of ratification, acceptance, approval or accession, or at the time of making a declaration in terms of Article 39 or 40, make one or both of the reservations provided for in Article 24 and Article 26, third paragraph. No other reservation shall be permitted.

Any State may at any time withdraw a reservation it has made. The withdrawal shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands.

The reservation shall cease to have effect on the first day of the third calendar month after the notification referred to in the preceding paragraph.

Article 43

The Convention shall enter into force on the first day of the third calendar month after the deposit of the third instrument of ratification, acceptance, approval or accession referred to in Articles 37 and 38.

Thereafter the Convention shall enter into force –

(1) for each State ratifying, accepting, approving or acceding to it subsequently, on the first day of the third calendar month after the deposit of its instrument of ratification, acceptance, approval or accession;

(2) for any territory or territorial unit to which the Convention has been extended in conformity with Article 39 or 40, on the first day of the third calendar month after the notification referred to in that Article.

Article 44

The Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 43 even for States which subsequently have ratified, accepted, approved it or acceded to it.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands at least six months before the expiry of the five year period. It may be limited to certain of the territories or territorial units to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

Article 45

The Ministry of Foreign Affairs of the Kingdom of the Netherlands shall notify the States Members of the Conference, and the States which have acceded in accordance with Article 38, of the following –

(1) the signatures and ratifications, acceptances and approvals referred to in Article 37;

(2) the accessions referred to in Article 38;

(3) the date on which the Convention enters into force in accordance with Article 43;

(4) the extensions referred to in Article 39;

(5) the declarations referred to in Articles 38 and 40;

(6) the reservations referred to in Article 24 and Article 26, third paragraph, and the withdrawals referred to in Article 42;

(7) the denunciations referred to in Article 44.

In witness whereof the undersigned, being duly authorised thereto, have signed this Convention.

Done at The Hague, on the 25th day of October, 1980, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Kingdom of the Netherlands, and of which a certified copy shall be sent, through diplomatic channels, to each of the States Members of the Hague Conference on Private International Law at the date of its Fourteenth Session.

**22 USC Ch. 97: INTERNATIONAL CHILD ABDUCTION REMEDIES**

**From Title 22—FOREIGN RELATIONS AND INTERCOURSE**

CHAPTER 97—INTERNATIONAL CHILD ABDUCTION REMEDIES

| Sec. | |
|---|---|
| 9001. | Findings and declarations. |
| 9002. | Definitions. |
| 9003. | Judicial remedies. |
| 9004. | Provisional remedies. |
| 9005. | Admissibility of documents. |
| 9006. | United States Central Authority. |
| 9007. | Costs and fees. |
| 9008. | Collection, maintenance, and dissemination of information. |
| 9009. | Office of Children's Issues. |
| 9010. | Interagency coordinating group. |
| 9011. | Authorization of appropriations. |

## §9001. Findings and declarations

**(a) Findings**

The Congress makes the following findings:

(1) The international abduction or wrongful retention of children is harmful to their well-being.

(2) Persons should not be permitted to obtain custody of children by virtue of their wrongful removal or retention.

(3) International abductions and retentions of children are increasing, and only concerted cooperation pursuant to an international agreement can effectively combat this problem.

(4) The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained, as well as for securing the exercise of visitation rights. Children who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned unless one of the narrow exceptions set forth in the Convention applies. The Convention provides a sound treaty framework to help resolve the problem of international abduction and retention of children and will deter such wrongful removals and retentions.

**(b) Declarations**

The Congress makes the following declarations:

(1) It is the purpose of this chapter to establish procedures for the implementation of the Convention in the United States.

(2) The provisions of this chapter are in addition to and not in lieu of the provisions of the Convention.

(3) In enacting this chapter the Congress recognizes—

(A) the international character of the Convention; and

(B) the need for uniform international interpretation of the Convention.

(4) The Convention and this chapter empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims.

(Pub. L. 100–300, §2, Apr. 29, 1988, 102 Stat. 437.)

### References in Text

This chapter, referred to in subsec. (b), was in the original "this Act" meaning Pub. L. 100–300, Apr. 29, 1988, 102 Stat. 437, which is classified principally to this chapter. For complete classification of this Act to the Code, see Short Title note below and Tables.

### Codification

Section was formerly classified to section 11601 of Title 42, The Public Health and Welfare.

### Short Title of 2004 Amendment

Pub. L. 108–370, §1, Oct. 25, 2004, 118 Stat. 1750, provided that: "This Act [amending section 9006 of this title] may be cited as the 'Prevention of Child Abduction Partnership Act'."

### Short Title

Pub. L. 100–300, §1, Apr. 29, 1988, 102 Stat. 437, provided that: "This Act [enacting this chapter and amending section 663 of Title 42, The Public Health and Welfare] may be cited as the 'International Child Abduction Remedies Act'."

## §9002. Definitions

For the purposes of this chapter—

(1) the term "applicant" means any person who, pursuant to the Convention, files an application with the United States Central Authority or a Central Authority of any other party to the Convention for the return of a child alleged to have been wrongfully removed or retained or for arrangements for organizing or securing the effective exercise of rights of access pursuant to the Convention;

(2) the term "Convention" means the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980;

(3) the term "Parent Locator Service" means the service established by the Secretary of Health and Human Services under section 653 of title 42;

(4) the term "petitioner" means any person who, in accordance with this chapter, files a petition in court seeking relief under the Convention;

EXHIBIT

B

(5) the term "person" includes any individual, institution, or other legal entity or body;

(6) the term "respondent" means any person against whose interests a petition is filed in court, in accordance with this chapter, which seeks relief under the Convention;

(7) the term "rights of access" means visitation rights;

(8) the term "State" means any of the several States, the District of Columbia, and any commonwealth, territory, or possession of the United States; and

(9) the term "United States Central Authority" means the agency of the Federal Government designated by the President under section 9006(a) of this title.

(Pub. L. 100–300, §3, Apr. 29, 1988, 102 Stat. 437.)

### References in Text

This chapter, referred to in text, was in the original "this Act" meaning Pub. L. 100–300, Apr. 29, 1988, 102 Stat. 437, which is classified principally to this chapter. For complete classification of this Act to the Code, see Short Title note under section 9001 of this title and Tables.

### Codification

Section was formerly classified to section 11602 of Title 42, The Public Health and Welfare.

## §9003. Judicial remedies

**(a) Jurisdiction of courts**

The courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention.

**(b) Petitions**

Any person seeking to initiate judicial proceedings under the Convention for the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed.

**(c) Notice**

Notice of an action brought under subsection (b) shall be given in accordance with the applicable law governing notice in interstate child custody proceedings.

**(d) Determination of case**

The court in which an action is brought under subsection (b) shall decide the case in accordance with the Convention.

**(e) Burdens of proof**

(1) A petitioner in an action brought under subsection (b) shall establish by a preponderance of the evidence—

(A) in the case of an action for the return of a child, that the child has been wrongfully removed or retained within the meaning of the Convention; and

(B) in the case of an action for arrangements for organizing or securing the effective exercise of rights of access, that the petitioner has such rights.

(2) In the case of an action for the return of a child, a respondent who opposes the return of the child has the burden of establishing—

(A) by clear and convincing evidence that one of the exceptions set forth in article 13b or 20 of the Convention applies; and

(B) by a preponderance of the evidence that any other exception set forth in article 12 or 13 of the Convention applies.

**(f) Application of Convention**

For purposes of any action brought under this chapter—

(1) the term "authorities", as used in article 15 of the Convention to refer to the authorities of the state of the habitual residence of a child, includes courts and appropriate government agencies;

(2) the terms "wrongful removal or retention" and "wrongfully removed or retained", as used in the Convention, include a removal or retention of a child before the entry of a custody order regarding that child; and

(3) the term "commencement of proceedings", as used in article 12 of the Convention, means, with respect to the return of a child located in the United States, the filing of a petition in accordance with subsection (b) of this section.

**(g) Full faith and credit**

Full faith and credit shall be accorded by the courts of the States and the courts of the United States to the judgment of any other such court ordering or denying the return of a child, pursuant to the Convention, in an action brought under this chapter.

**(h) Remedies under Convention not exclusive**

The remedies established by the Convention and this chapter shall be in addition to remedies available under other laws or international agreements.

(Pub. L. 100–300, §4, Apr. 29, 1988, 102 Stat. 438.)

### References in Text

This chapter, referred to in subsecs. (f) to (h), was in the original "this Act" meaning Pub. L. 100–300, Apr. 29, 1988, 102 Stat. 437, which is classified principally to this chapter. For complete classification of this Act to the Code, see Short Title note under section 9001 of this title and Tables.

### Codification

Section was formerly classified to section 11603 of Title 42, The Public Health and Welfare.

## §9004. Provisional remedies

**(a) Authority of courts**

In furtherance of the objectives of article 7(b) and other provisions of the Convention, and subject to the provisions of subsection (b) of this section, any court exercising jurisdiction of an action brought under section 9003(b) of this title may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition.

**(b) Limitation on authority**

No court exercising jurisdiction of an action brought under section 9003(b) of this title may, under subsection (a) of this section, order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied.

(Pub. L. 100–300, §5, Apr. 29, 1988, 102 Stat. 439.)

### Codification

Section was formerly classified to section 11604 of Title 42, The Public Health and Welfare.

## §9005. Admissibility of documents

With respect to any application to the United States Central Authority, or any petition to a court under section 9003 of this title, which seeks relief under the Convention, or any other documents or information included with such application or petition or provided after such submission which relates to the application or petition, as the case may be, no authentication of such application, petition, document, or information shall be required in order for the application, petition, document, or information to be admissible in court.

(Pub. L. 100–300, §6, Apr. 29, 1988, 102 Stat. 439.)

### Codification

Section was formerly classified to section 11605 of Title 42, The Public Health and Welfare.

## §9006. United States Central Authority

**(a) Designation**

The President shall designate a Federal agency to serve as the Central Authority for the United States under the Convention.

**(b) Functions**

The functions of the United States Central Authority are those ascribed to the Central Authority by the Convention and this chapter.

**(c) Regulatory authority**

The United States Central Authority is authorized to issue such regulations as may be necessary to carry out its functions under the Convention and this chapter.

**(d) Obtaining information from Parent Locator Service**

The United States Central Authority may, to the extent authorized by the Social Security Act [42 U.S.C. 301 et seq.], obtain information from the Parent Locator Service.

**(e) Grant authority**

The United States Central Authority is authorized to make grants to, or enter into contracts or agreements with, any individual, corporation, other Federal, State, or local agency, or private entity or organization in the United States for purposes of accomplishing its responsibilities under the Convention and this chapter.

**(f) Limited liability of private entities acting under the direction of the United States Central Authority**

**(1) Limitation on liability**

Except as provided in paragraphs (2) and (3), a private entity or organization that receives a grant from or enters into a contract or agreement with the United States Central Authority under subsection (e) of this section for purposes of assisting the United States Central Authority in carrying out its responsibilities and functions under the Convention and this chapter, including any director, officer, employee, or agent of such entity or organization, shall not be liable in any civil action sounding in tort for damages directly related to the performance of such responsibilities and functions as defined by the regulations issued under subsection (c) of this section that are in effect on October 1, 2004.

**(2) Exception for intentional, reckless, or other misconduct**

The limitation on liability under paragraph (1) shall not apply in any action in which the plaintiff proves that the private entity, organization, officer, employee, or agent described in paragraph (1), as the case may be, engaged in intentional misconduct or acted, or failed to act, with actual malice, with reckless disregard to a substantial risk of causing injury without legal justification, or for a purpose unrelated to the performance of responsibilities or functions under this chapter.

**(3) Exception for ordinary business activities**

The limitation on liability under paragraph (1) shall not apply to any alleged act or omission related to an ordinary business activity, such as an activity involving general administration or operations, the use of motor vehicles, or personnel management.

(Pub. L. 100–300, §7, Apr. 29, 1988, 102 Stat. 439; Pub. L. 105–277, div. G, title XXII, §2213, Oct. 21, 1998, 112 Stat. 2681–812; Pub. L. 108–370, §2, Oct. 25, 2004, 118 Stat. 1750.)

### References in Text

This chapter, referred to in subsecs. (b), (c), (e), and (f), was in the original "this Act" meaning Pub. L. 100–300, Apr. 29, 1988, 102 Stat. 437, as amended, which is classified principally to this chapter. For complete classification of this Act to the Code, see Short Title note set out under section 9001 of this title and Tables.

The Social Security Act, referred to in subsec. (d), is act Aug. 14, 1935, ch. 531, 49 Stat. 620, as amended, which is classified generally to chapter 7 (§301 et seq.) of Title 42, The Public Health and Welfare. For complete classification of this Act to the Code, see section 1305 of Title 42 and Tables.

### Codification

Section was formerly classified to section 11606 of Title 42, The Public Health and Welfare.

### Amendments

**2004**—Subsec. (f). Pub. L. 108–370 added subsec. (f).
**1998**—Subsec. (e). Pub. L. 105–277 added subsec. (e).

### Ex. Ord. No. 12648. Implementation of Convention on Civil Aspects of International Child Abduction

Ex. Ord. No. 12648, Aug. 11, 1988, 53 F.R. 30637, provided:

The United States of America deposited its instrument of ratification of the Hague Convention on the Civil Aspects of International Child Abduction ("Convention") on April 29, 1988. The Convention entered into force for the United States on July 1, 1988. Article 6 of the Convention imposes upon Contracting States an obligation to designate a "Central Authority" for the purpose of discharging certain specified functions.

In order that the Government of the United States of America may give full and complete effect to the Convention, and pursuant to section 7 of the International Child Abduction Remedies Act, Public Law No. 100–300 (1988) [22 U.S.C. 9006], it is expedient and necessary that I designate a Central Authority within the Executive branch of said Government:

NOW, THEREFORE, by virtue of the authority vested in me as President by the Constitution and the laws of the United States, including section 301 of Title 3 of the United States Code and section 7 of the International Child Abduction Remedies Act, it is ordered as follows:

Section 1. *Designation of Central Authority*. The Department of State is hereby designated as the Central Authority of the United States for purposes of the Hague Convention on the Civil Aspects of International Child Abduction. The Secretary of State is hereby authorized and empowered, in accordance with such regulations as he may prescribe, to perform all lawful acts that may be necessary and proper in order to execute the functions of the Central Authority in a timely and efficient manner.

Ronald Reagan.

## §9007. Costs and fees

**(a) Administrative costs**

No department, agency, or instrumentality of the Federal Government or of any State or local government may impose on an applicant any fee in relation to the administrative processing of applications submitted under the Convention.

**(b) Costs incurred in civil actions**

(1) Petitioners may be required to bear the costs of legal counsel or advisors, court costs incurred in connection with their petitions, and travel costs for the return of the child involved and any accompanying persons, except as provided in paragraphs (2) and (3).

(2) Subject to paragraph (3), legal fees or court costs incurred in connection with an action brought under section 9003 of this title shall be borne by the petitioner unless they are covered by payments from Federal, State, or local legal assistance or other programs.

(3) Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

(Pub. L. 100–300, §8, Apr. 29, 1988, 102 Stat. 440.)

### Codification

Section was formerly classified to section 11607 of Title 42, The Public Health and Welfare.

## §9008. Collection, maintenance, and dissemination of information

**(a) In general**

In performing its functions under the Convention, the United States Central Authority may, under such conditions as the Central Authority prescribes by regulation, but subject to subsection (c), receive from or transmit to any department, agency, or instrumentality of the Federal Government or of any State or foreign government, and receive from or transmit to any applicant, petitioner, or respondent, information necessary to locate a child or for the purpose of otherwise implementing the Convention with respect to a child, except that the United States Central Authority—

(1) may receive such information from a Federal or State department, agency, or instrumentality only pursuant to applicable Federal and State statutes; and

(2) may transmit any information received under this subsection notwithstanding any provision of law other than this chapter.

**(b) Requests for information**

Requests for information under this section shall be submitted in such manner and form as the United States Central Authority may prescribe by regulation and shall be accompanied or supported by such documents as the United States Central Authority may require.

**(c) Responsibility of government entities**

Whenever any department, agency, or instrumentality of the United States or of any State receives a request from the United States Central Authority for information authorized to be provided to such Central Authority under subsection (a), the head of such department, agency, or instrumentality shall promptly cause a search to be made of the files and records maintained by such department, agency, or instrumentality in order to determine whether the information requested is contained in any such files or records. If such search discloses the information requested, the head of such department, agency, or instrumentality shall immediately transmit such information to the United States Central Authority, except that any such information the disclosure of which—

(1) would adversely affect the national security interests of the United States or the law enforcement interests of the United States or of any State; or

(2) would be prohibited by section 9 of title 13;

shall not be transmitted to the Central Authority. The head of such department, agency, or instrumentality shall, immediately upon completion of the requested search, notify the Central Authority of the results of the search, and whether an exception set forth in paragraph (1) or (2) applies. In

the event that the United States Central Authority receives information and the appropriate Federal or State department, agency, or instrumentality thereafter notifies the Central Authority that an exception set forth in paragraph (1) or (2) applies to that information, the Central Authority may not disclose that information under subsection (a).

**(d) Information available from Parent Locator Service**

To the extent that information which the United States Central Authority is authorized to obtain under the provisions of subsection (c) can be obtained through the Parent Locator Service, the United States Central Authority shall first seek to obtain such information from the Parent Locator Service, before requesting such information directly under the provisions of subsection (c) of this section.

**(e) Recordkeeping**

The United States Central Authority shall maintain appropriate records concerning its activities and the disposition of cases brought to its attention.

(Pub. L. 100–300, §9, Apr. 29, 1988, 102 Stat. 440.)

### References in Text

This chapter, referred to in subsec. (a)(2), was in the original "this Act" meaning Pub. L. 100–300, Apr. 29, 1988, 102 Stat. 437, which is classified principally to this chapter. For complete classification of this Act to the Code, see Short Title note under section 9001 of this title and Tables.

### Codification

Section was formerly classified to section 11608 of Title 42, The Public Health and Welfare.

## §9009. Office of Children's Issues

**(a) Director requirements**

The Secretary of State shall fill the position of Director of the Office of Children's Issues of the Department of State (in this section referred to as the "Office") with an individual of senior rank who can ensure long-term continuity in the management and policy matters of the Office and has a strong background in consular affairs.

**(b) Case officer staffing**

Effective April 1, 2000, there shall be assigned to the Office of Children's Issues of the Department of State a sufficient number of case officers to ensure that the average caseload for each officer does not exceed 75.

**(c) Embassy contact**

The Secretary of State shall designate in each United States diplomatic mission an employee who shall serve as the point of contact for matters relating to international abductions of children by parents. The Director of the Office shall regularly inform the designated employee of children of United States citizens abducted by parents to that country.

**(d) Reports to parents**

**(1) In general**

Except as provided in paragraph (2), beginning 6 months after November 29, 1999, and at least once every 6 months thereafter, the Secretary of State shall report to each parent who has requested assistance regarding an abducted child overseas. Each such report shall include information on the current status of the abducted child's case and the efforts by the Department of State to resolve the case.

**(2) Exception**

The requirement in paragraph (1) shall not apply in a case of an abducted child if—

(A) the case has been closed and the Secretary of State has reported the reason the case was closed to the parent who requested assistance; or

(B) the parent seeking assistance requests that such reports not be provided.

(Pub. L. 106–113, div. B, §1000(a)(7) [div. A, title II, §201], Nov. 29, 1999, 113 Stat. 1536, 1501A-419).

### Codification

Section was enacted as part of the Admiral James W. Nance and Meg Donovan Foreign Relations Authorization Act, Fiscal Years 2000 and 2001, and not as part of the International Child Abduction Remedies Act which comprises this chapter.

Section was formerly classified to section 11608a of Title 42, The Public Health and Welfare.

## §9010. Interagency coordinating group

The Secretary of State, the Secretary of Health and Human Services, and the Attorney General shall designate Federal employees and may, from time to time, designate private citizens to serve on an interagency coordinating group to monitor the operation of the Convention and to provide advice on its implementation to the United States Central Authority and other Federal agencies. This group shall meet from time to time at the request of the United States Central Authority. The agency in which the United States Central Authority is located is authorized to reimburse such private citizens for travel and other expenses incurred in participating at meetings of the interagency coordinating group at rates not to exceed those authorized under subchapter I of chapter 57 of title 5 for employees of agencies.

(Pub. L. 100–300, §10, Apr. 29, 1988, 102 Stat. 441.)

### Codification

Section was formerly classified to section 11609 of Title 42, The Public Health and Welfare.

## §9011. Authorization of appropriations

There are authorized to be appropriated for each fiscal year such sums as may be necessary to carry out the purposes of the Convention and this chapter.

(Pub. L. 100–300, §12, Apr. 29, 1988, 102 Stat. 442.)

## References in Text

This chapter, referred to in text, was in the original "this Act" meaning Pub. L. 100–300, Apr. 29, 1988, 102 Stat. 437, which is classified principally to this chapter. For complete classification of this Act to the Code, see Short Title note under section 9001 of this title and Tables.

## Codification

Section was formerly classified to section 11610 of Title 42, The Public Health and Welfare.

# ESTADO DE GUANAJUATO

## DIRECCION GENERAL DEL REGISTRO CIVIL

## MATRIMONIO

EN NOMBRE DEL ESTADO LIBRE Y SOBERANO DE GUANAJUATO, CERTIFICO QUE EN EL ARCHIVO DE LA OFICIALIA DEL REGISTRO CIVIL No. 03 DEL MUNICIPIO DE IRAPUATO SE ENCUENTRA ASENTADA LA PRESENTE ACTA:

| OFICIALIA | LIBRO | ACTA No. | FECHA DE REGISTRO |
|---|---|---|---|
| 03 | 3 | 00472 | 4 DE MAYO DE 2011 |

LUGAR DE REGISTRO: MIGUEL HIDALGO, IRAPUATO, GUANAJUATO

**DATOS DE LOS CONTRAYENTES**

NOMBRE CONTRAYENTE: JOSE ROBERTO ZAVALA RAMIREZ
LUGAR DE NACIMIENTO: IRAPUATO, IRAPUATO, GUANAJUATO, MEXICO
NACIONALIDAD: MEXICANA EDAD: 34 CURP: ZARR760722HGTVMB04
NOMBRE CONTRAYENTE: JENNIFER JARAMILLO GALLAGA
LUGAR DE NACIMIENTO: IRAPUATO, IRAPUATO, GUANAJUATO, MEXICO
NACIONALIDAD: MEXICANA EDAD: 19 CURP: JAGJ911226MGTRLN09

**DATOS DE LOS PADRES CONTRAYENTE**

NOMBRE PADRE: JUAN ZAVALA PEREZ
NACIONALIDAD: MEXICANA
NOMBRE MADRE: PAULA RAMIREZ MONCADA
NACIONALIDAD: MEXICANA

**DATOS DE LOS PADRES CONTRAYENTE**

NOMBRE PADRE: ELIAS JARAMILLO VARGAS
NACIONALIDAD: MEXICANA
NOMBRE MADRE JUANA MELANIA GALLAGA HERNANDEZ
NACIONALIDAD: MEXICANA

ESTE CONTRATO DE MATRIMONIO SEGUN LA VOLUNTAD EXPRESA POR LOS CONTRAYENTES ESTA SUJETO AL REGIMEN DE: SEPARACION DE BIENES

OBSERVACIONES Y NOTAS REGISTRADAS AL REVERSO:

SE EXTIENDE LA PRESENTE CONFORME A LO DISPUESTO POR LOS ARTICULOS 56 DEL CODIGO CIVIL PARA DEL ESTADO GUANAJUATO, ASI COMO 51 FRACCION IV Y 177 DEL REGLAMENTO DEL REGISTRO CIVIL DEL ESTADO DE GUANAJUATO.
IRAPUATO,GUANAJUATO A 23 DE MARZO DE 2018

NOMBRE Y FIRMA DEL OFICIAL DEL REGISTRO CIVIL

LIC. MARTHA ELBA CAZARES LEDESMA

SELLO DE LA OFICINA

16417858-16417858

RCA16417858

Precio: $138.00
75/170309/488928/502867

EXHIBIT
C

----------TRANSLATION----------

(SEAL) STATE OF GUANAJUATO (SEAL)

HEADQUARTERS OF CIVIL REGISTRY

# MATRIMONY

IN THE NAME OF THE FREE AND SOVEREIGN STATE OF GUANAJUATO, I CERTIFY THAT IN THE ARCHIVE OF THE CIVIL REGISTRY OFFICIAL No. 03 OF THE IRAPUATO MUNICIPALITY IS FOUND PRESERVED THE PRESENT CERTIFICATE:

| OFFICE | BOOK | CERTIFICATE No. | DATE OF REGISTRY |
|---|---|---|---|
| 03 | 3 | 00472 | 4TH OF MAY OF 2011 |

PLACE OF REGISTRY MIGUEL HIDALGO, IRAPUATO, GUANAJUATO

DATA OF THE BRIDE AND GROOM

NAME OF GROOM: JOSE ROBERTO ZAVALA RAMIREZ
PLACE OF BIRTH: IRAPUATO, IRAPUATO, GUANAJUATO, MEXICO
NATIONALITY: MEXICAN AGE 34 *CURP:* ZARR760722HGTVMB04
NAME OF BRIDE: JENNIFER JARAMILLO GALLAGA
PLACE OF BIRTH: IRAPUATO, IRAPUATO, GUANAJUATO, MEXICO
NATIONALITY: MEXICAN AGE 19 *CURP:* JAGJ911226MGTRLN09

DATA OF THE PARENTS OF THE GROOM

NAME OF FATHER: JUAN ZAVALA PEREZ
NATIONALITY: MEXICAN
NAME OF MOTHER: PAULA RAMIREZ MONCADA
NATIONALITY: MEXICAN

DATA OF THE PARENTS OF THE BRIDE

NAME OF FATHER: ELIAS JARAMILLO VARGAS
NATIONALITY: MEXICAN
NAME OF MOTHER: JUANA MELANIA GALLAGA HERNANDEZ
NATIONALITY: MEXICAN

THIS CONTRACT IS EXPRESSED VOLUNTARILY BY THE BRIDE AND GROOM AND IS SUBJECT TO THE REGIMEN OF: SEPARATION OF ASSETS

OBSERVATIONS AND REGISTERED NOTES ON REVERSE

THIS CERTIFICATE ISSUED IN COMPLIANCE WITH ARTICLES 56 OF THE CIVIL CODE FOR GUANAJUATO STATE, AS WELL AS 51 PART IV AND 177 OF THE CIVIL REGISTRY RULE OF GUANAJUATO.
IRAPUATO, GUANAJUATO 23RD OF MARCH OF 2018

NAME AND SIGNATURE OF THE CIVIL REGISTRY OFFICIAL
(SIGNATURE)
*LIC.* MARTHA ELBA CAZARES LEDESMA

SEAL OF OFFICE
(STAMP)
16417858-16417858

RCA16417858

Price: $138.00
75/170309/488928/502867

----------TRANSLATOR AFFIRMATION----------

I, Burt W. Johnson, of the City of Houston, TX do solemnly affirm as follows: I am fluent in the English and the Spanish languages and I have prepared this translation from English into Spanish of which a copy of the original is attached hereto. The attached document is, in all respects, a true and correct translation from English into Spanish. I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.
Executed on January 29, 2019 Signature: Burt W. Johnson

HOUSTON INTERPRETERS AND TRANSLATORS ASSOCIATION • Burt W. Johnson - Member

STATE OF TEXAS CERTIFICATE OF BIRTH BIRTH NUMBER

| 1. Child's Name First | Middle | Last | Suffix | 2. Date of Birth (mm/dd/yyyy) | 3. Sex |
|---|---|---|---|---|---|
| B[illegible] | M[illegible] | Z[illegible] | | / /2014 | FEMALE |

| 4a. Place of Birth County | 4b. City or Town (If outside city limits, give precinct no.) | 5. Time of Birth | 6a. Plurality - Single Twin, Triplet, etc | 6b. If Plural Birth, Born 1st, 2nd 3rd etc |
|---|---|---|---|---|
| MONTGOMERY | HOUSTON | 15:35 | SINGLE | |

7. Place of Birth: ☐ Clinic ☐ Doctor's Office ☐ Licensed Birthing Center ☒ Hospital ☐ Home Birth (Planned to deliver at home ☐ Yes ☐ No) ☐ Other (Specify)

7c. Name of Hospital or Birthing Center NPI (If Not Institution, Give Street Address): KINGWOOD MEDICAL CENTER

8a. Attendant's Name, NPI and Mailing Address: [illegible] JAMES GLENN, 18955 MEMORIAL N SUITE 350 HUMBLE, TEXAS 77338

8b. ☒ MD ☐ DO ☐ CNM ☐ Midwife ☐ Other (Specify)

9a. Certifier - I certify that this child was born alive at the place and time and on the date as stated: TRACY KOSAR, Signature and Title; 02/27/2014, Date Signed

9b. ☐ Attendant ☐ Facility Administrator / Designee ☒ Other (Specify) BIRTH CLERK

| 10. Mother's Name First | Middle | Last | 11. Date of Birth (mm/dd/yyyy) | 12. Birthplace (State, Territory or Foreign Country) |
|---|---|---|---|---|
| JENNIFER | | GALLEGA | 12/20/1991 | MEXICO |

| 13a. Residence - State | 13b. County | 13c. City, Town or Location | 13d. Street Address or Rural Location |
|---|---|---|---|
| TEXAS | HARRIS | HOUSTON | 5610 NORMENTS |

| 13e. Zip Code | 13f. Inside City Limits | 14. Mailing Address |
|---|---|---|
| 77039 | ☐ Yes ☒ No | ☒ Same As Residence, or |

| 15. Father's Name First | Middle | Last | Suffix | 16. Date of Birth (mm/dd/yyyy) | 17. Birthplace (State, Territory or Foreign Country) |
|---|---|---|---|---|---|
| JOSE | ROBERTO | ZAVALA | | 07/22/1976 | MEXICO |

| 18a. Local File Number | 18b. Date Received by Local Registrar | 18c. Signature of Local Registrar |
|---|---|---|
| 0212186 | 03/06/2014 | [signature] |

VS-112 REV. [illegible] WARNING: THE PENALTY FOR KNOWINGLY MAKING A FALSE STATEMENT IN THIS FORM CAN BE 2-10 YEARS IN PRISON AND A FINE OF UP TO $5,000. 057983

DATE ISSUED [illegible]

This is a true and correct reproduction of the original record as recorded in this office. Issued under authority of Section 191.051, Health and Safety Code of Texas.

Local Registrar / Registrar

1 0 2 5 4 5 5 2 7

EXHIBIT

D

FOLIO
A11 1818212

# ESTADO DE GUANAJUATO
## DIRECCION GENERAL DEL REGISTRO CIVIL
## NACIMIENTO

EN NOMBRE DEL ESTADO LIBRE Y SOBERANO DE GUANAJUATO, CERTIFICO QUE EN EL ARCHIVO DE LA OFICIALIA DEL REGISTRO CIVIL No. 03 DEL MUNICIPIO DE IRAPUATO SE ENCUENTRA ASENTADA LA PRESENTE ACTA:

| OFICIALIA | LIBRO | ACTA No. | CRIP | CURP |
|---|---|---|---|---|
| 03 | 12 | 02309 | 11017031502309J | ---------- |

FECHA REGISTRO: 29 DE JUNIO DE 2015
LUGAR DE REGISTRO: MIGUEL HIDALGO, IRAPUATO, GUANAJUATO

**DATOS DEL REGISTRADO**

NOMBRE: BI M Z
FECHA NACIMIENTO: 2014 HORA: 15:36
LUGAR NACIMIENTO: MONTGOMERY, HOUSTON, TEXAS, ----------, ----------, ESTADOS UNIDOS DE AMERICA
NACIONALIDAD: MEXICANA REGISTRADO: VIVO SEXO: FEMENINO COMPARECIO: AMBOS

**DATOS DE LOS PADRES:**

NOMBRE PADRE: JOSE ROBERTO ZAVALA -----
NACIONALIDAD: MEXICANA EDAD PADRE: ----------
NOMBRE MADRE: JENNIFER GALLAGA -----
NACIONALIDAD: ----- EDAD MADRE: ----------

**DATOS DE LOS ABUELOS:**

NOMBRE ABUELO PATERNO: -----------
NACIONALIDAD: ----------
NOMBRE ABUELA PATERNA: -----------
NACIONALIDAD: ----------
NOMBRE ABUELO MATERNO: -----------
NACIONALIDAD: ----------
NOMBRE ABUELA MATERNA: -----------
NACIONALIDAD: ----------

**PERSONA DISTINTA DE LOS PADRES QUE PRESENTA AL REGISTRADO**

NOMBRE: ------------ PARENTESCO: -------------
NACIONALIDAD: EDAD: ----

SE EXTIENDE LA PRESENTE CONFORME A LO DISPUESTO POR LOS ARTICULOS 56 DEL CODIGO CIVIL PARA DEL ESTADO GUANAJUATO, ASI COMO 51 FRACCION IV Y 177 DEL REGLAMENTO DEL REGISTRO CIVIL DEL ESTADO DE GUANAJUATO.
IRAPUATO, GUANAJUATO A 2 DE ABRIL DE 2018

NOMBRE Y FIRMA DEL OFICIAL DEL REGISTRO CIVIL

LIC. MARTHA ELBA CAZARES LEDESMA

SELLO DE LA OFICINA

1818212 1818212

Precio: $25.00
75/170333/489324/503263

EXHIBIT E




# El Estado de Texas

Secretario de Estado

Requerida para su uso en MÉXICO
No para uso dentro de los Estados Unidos de América.
Esta Apostilla únicamente certifica la firma, el cargo del signatario y el sello estampado que exhibe.
No certifica el contenido del documento para la cual fue emitida.
Validación de Certificado disponible en www.sos.state.tx.us

## APOSTILLE

(Convention de La Haye du 5 Octobre 1961)

1. País: Estados Unidos de América

Este documento público

2. sido firmado por Lisa Akheituame

3. en su calidad de Funcionario Local del Registro

4. y muestra el sello estampado de La Oficina del Registro del Condado, Ciudad de Houston, Estado de Texas

18 JUN 2015

## CERTIFICADO

5. en Austin, Texas

6. el 23 de abril, 2015

7. por el Secretario de Estado de Texas

8. Certificado No. 10213556

9. Sello

10. Firma:

Carlos H. Cascos
Secretario de Estado

EL PRECIO DE ESTA TRADUCCIÓN SE SUJETA AL MONTO AUTORIZADO POR LA DGRC EN EL ESTADO: $250.00 MN

GF/mr

------------------------------------------------------------------TRANSLATION------------------------------------------------------------

FOLIO
A11 1818212
(BAR CODE)

STATE OF GUANAJUATO
HEADQUARTERS OF CIVIL REGISTRY

**BIRTH**

IN THE NAME OF THE FREE AND SOVEREIGN STATE OF GUANAJUATO, I CERTIFY THAT IN THE ARCHIVE OF THE OFFICIAL OF THE CIVIL REGISTRY No. 3 OF THE IRAPUATO MUNICIPALITY IS FOUND PRESERVED THE PRESENT CERTIFICATE:

| OFFICE | BOOK | CERTIFICATE No. | *CRIP* | *CURP* |
|---|---|---|---|---|
| 03 | 12 | 02309 | 11017031502309J | --------- |

DATE OF REGISTRY: 29TH OF JUNE OF 2015
PLACE OF REGISTRY MIGUEL HIDALGO, IRAPUATO, GUANAJUATO

DATA OF THE REGISTERED

NAME: Bl M Z
DATE OF BIRTH: OF 2014 HOUR 15:36
PLACE OF BIRTH: MONTGOMERY, HOUSTON, TEXAS --------------, --------------, UNITED STATES OF AMERICA
NATIONALITY: MEXICAN REGISTERED: LIVE SEX: FEMININE APPEARING: BOTH

DATA OF THE PARENTS

NAME: JOSE ROBERTO ZAVALA -----
NATIONALITY: MEXICAN FATHER AGE: ---------
NAME: JENNIFER GALLAGA -----
NATIONALITY: -------- MOTHER AGE: --------

DATA OF THE GRANDPARENTS

PATERNAL GRANDFATHER: -------------
NATIONALITY: -------------
PATERNAL GRANDMOTHER: -------------
NATIONALITY: -------------
MATERNAL GRANDFATHER: -------------
NATIONALITY: -------------
MATERNAL GRANDMOTHER: -------------
NATIONALITY: -------------

PERSON OTHER THAN THE PARENTS WHO PRESENT TO THE REGISTERED

NAME: -------------- RELATIONSHIP: ------------
NATIONALITY: AGE: -----

THIS CERTIFICATE ISSUED IN COMPLIANCE WITH ARTICLES 56 OF THE CIVIL CODE FOR THE STATE OF GUANAJUATO, AS WELL AS 51 PART IV AND 177 OF THE CIVIL REGISTRY RULE OF GUANAJUATO.
IRAPUATO, GUANAJUATO 2ND OF APRIL OF 2018

NAME AND SIGNATURE OF THE CIVIL REGISTRY OFFICIAL
(SIGNATURE)
*LIC.* MARTHA ELBA CAZARES LEDESMA

SEAL OF OFFICE
(STAMP)
1818212-1818212

Price: $25.00
75/170333/489324/503263

------------------------------------------------------------TRANSLATOR AFFIRMATION------------------------------------------------------------

I, Burt W. Johnson, of the City of Houston, TX do solemnly affirm as follows: I am fluent in the English and the Spanish languages and I have prepared this translation from English into Spanish of which a copy of the original is attached hereto. The attached document is, in all respects, a true and correct translation from English into Spanish. I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746
Executed on January 29, 2019

Signature: ____________ Burt W. Johnson

HOUSTON INTERPRETERS AND TRANSLATORS ASSOCIATION
Burt W. Johnson - Member

(QR CODE) (LOGO) (SEAL) HEADQUARTERS OF THE POPULATION AND PERSONAL IDENTIFICATION NATIONAL REGISTRY (LOGO)

## ANNOTATIONS

Page 1 of 1

THE TRANSCRIPTION THAT IS INSERTED BELOW, CORRESPONDS TO THE TRANSLATION OF THE EXPERT DR. ALBERTO EDUARDO BEUCHOT Y GONZÁLEZ DE LA VEGA AUTHORIZED BY THE CIVIL REGISTRY HEADQUARTERS OF THE STATE OF GUANAJUATO ACCORDING TO OFFICE NO. DGRC/PT/09, REGARDING THE BIRTH CERTIFICATE OF B M Z REGISTERED IN THE CITY OF HOUSTON, TEXAS STATE.- CERTIFICATE OF THE CIVIL REGISTRY CITY OF HOUSTON, TEXAS, USA, BIRTH CERTIFICATE STATE OF TEXAS NUMBER OF BIRTH, 1.- FIRST NAME OF THE INFANT: B SECOND NAME: M LAST NAME OF THE PARENT: Z 2.-DATE OF BIRTH (MONTH, DAY, YEAR): , 2014, 3.-SEX: FEMININE 4A.-PLACE OF BIRTH- COUNTY: MONTGOMERY 4B.-CITY OR TOWN: HOUSTON 5.-HOUR OF BIRTH: 15:36. 6A.-PLURALITY (ONLY SON, TWINS, ETC): ONLY 6B – IF MORE THAN ONE, SPECIFY IF BORN FIRST, SECOND, ETC:--7A.-PLACE OF BIRTH: HOSPITAL 7B.-NAME OF THE HOSPITAL OR HEALTH CENTER (IF NOT INSTITUTION, PROVIDE ADDRESS): KINGWOOD MEDICAL CENTER 8A.-ASSISTANT TO DELIVERY: CHRISTOPHER JAMES GLENN MEMORIAL N. SUITE 18955, 350, HUMBLE, TEXAS 9A.CERTIFIER: TRACY KOSAE SIGNATURE AND TITLE DATE OF THE SIGNATURE (MONTH, DAY, YEAR): FEBRUARY 27, 2014, 8B.-INDICATE IF YOU ARE A DOCTOR, OBSTETRICIAN, CERTIFICATE NURSE, PARTICIPANT, MIDWIFE: DR. 9B.-INDICATE IF YOU ARE ASSISTANT, ADMINISTRATOR OF THE INSTITUTION ETC:--10.-MAIDEN NAME OF MOTHER FIRST NAME SECOND SURNAME: JENNIFER GALLAGA 11.-DATE OF BIRTH (MM/DD/YY): DECEMBER 26, 1991, 12: -PLACE OF BIRTH (STATE, TERRITORY OR FOREIGN COUNTRY): MEXICO 13A.-STATE OF RESIDENCE: TEXAS 13B.-COUNTY: HARRIS 13C.-CITY, TOWN OR LOCATION: HOUSTON 13D.-ADDRESS: 5613 NORMENTS. 13E .-POSTAL CODE: 77039 13F.-WITHIN THE CITY'S LIMITS: NO 14.-ADDRESS (SAME OF RESIDENCE OR OTHER): SAME OF RESIDENCE 15. NAME OF FATHER FIRST NAME SECOND SURNAME: JOSE ROBERTO ZAVALA 16.- DATE OF BIRTH (MM/DD/YY): JULY 22, 1976 17.-PLACE OF BIRTH (STATE, TERRITORY OR FOREIGN COUNTRY): MEXICO 18A.-LOCAL REGISTRATION NUMBER: 021286 18B.-DATE OF RECEPTION BY THE LOCAL OFFICE (MONTH/DAY/YEAR): MARCH 06, 2014, 18C.-SIGNATURE OF THE REGISTRAR OFFICER: (ILLEGIBLE SIGNATURE).- STATE OF TEXAS SECRETARY OF STATE REQUIRED FOR USE IN MEXICO NOT FOR USE WITHIN THE UNITED STATES OF AMERICA THIS APOSTILLE CERTIFIES ONLY THE SIGNATURE. THE OFFICE OF THE SIGNATORY AND THE STAMPED SEAL EXHIBITED DOES NOT CERTIFY THE CONTENT OF THE DOCUMENT FOR WHICH VALIDATION OF AVAILABLE CERTIFICATE WAS ISSUED AT WWW.SOS.STATE.TX.US APOSTILLE (HAGUE CONVENTION OF 5 OCTOBER 1961) 1.-COUNTRY: UNITED STATES OF AMERICA THIS PUBLIC DOCUMENT 2.- SIGNED BY: LISA AKHEITUAME 3.- IN HER CAPACITY AS LOCAL OFFICER OF REGISTRY 4.- AND SHOWS THE STAMPED SEAL OF THE OFFICE OF THE COUNTY REGISTRY, CITY OF HOUSTON, STATE OF TEXAS CERTIFICATE 5.-IN AUSTIN, TEXAS 6.- APRIL 23, 2015, 7.-BY THE SECRETARY OF STATE OF TEXAS 8.-CERTIFICATE NO. 10213556, 9.-SEAL: 10.-SIGNATURE: CARLOS H. CASCOS SECRETARY OF STATE.- THE MEXICAN NATIONALITY IS ACCREDITED FOR THE BIRTH OF BRISBANE MARIE ZAVALA, WHICH ESTABLISHES ARTICLE 30 SECTION A PART II OF THE POLITICAL CONSTITUTION OF THE UNITED MEXICAN STATES WITH THE BIRTH CERTIFICATE OF: JOSE ROBERTO ZAVALA RAMIREZ WITH CERTIFICATE No. 5924 OF REGISTRY DATE AUGUST 20, 1976 OF THE OFFICE OF THE CIVIL REGISTRY OF IRAPUATO, GTO; IN HIS CAPACITY AS FATHER OF THE ENROLLED. NAME: JOSE ROBERTO ZAVALA RAMIREZ DOMICILE: FRANCISCO VILLA 99. *COL. NUEVA AGRARIA* RELATIONSHIP WITH THE INTERESTED: FATHER "..READ THIS INSERTION TO THE INTERESTED, MANIFESTS CONFORMITY, SIGNING AFTER ALL TEXT. I GIVE FAITH.

NAME AND SIGNATURE OF
CIVIL REGISTRY OFFICIAL

(SIGNATURE) (STAMP)
*LIC.* MARTHA ELBA CAZARES LEDESMA

--------TRANSLATOR AFFIRMATION--------

I, Burt W. Johnson, of the City of Houston, TX do solemnly affirm as follows: I am fluent in the English and the Spanish languages and I have prepared this translation from English into Spanish of which a copy of the original is attached hereto. The attached document is, in all respects, a true and correct translation from English into Spanish. I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.
Executed on January 29, 2019 Signature: ____________ Burt W. Johnson

(SEAL)

(STAMP)

# The State of Texas
## Secretary of State

Required for use in MEXICO
Not for use within the United States of America.
This Apostille only certifies the signature, the office of the signatory and the stamped seal that it exhibits.
It does not certify the content of the document for which it was issued.
Validation of Certificate available at www.sos.state.tx.us

## APOSTILLE

(Convention of The Hague of 5 October 1961)

1. Country — United States of America

This public document

2. has been signed by — Lisa Akheituame
3. in her capacity of — Local Official of the Registry
4. and she shows the stamped seal of — The County Registry Office, City of Houston, State of Texas

(DATE STAMP)

**CERTIFIED**

5. in Austin, Texas
6. the 23rd of April, 2015
7. by the Secretary of State of Texas
8. Certificate No. 10213556
9. Seal
10. Signature:

(STAMP)

(SIGNATURE)
Carlos H. Cascas
Secretary of State

THE PRICE OF THIS TRANSLATION IS SUBJECT TO THE AMOUNT AUTHORIZED BY THE DGRC IN THE STATE: $250.00 MN

GF/mr

---TRANSLATOR AFFIRMATION---

I, Burt W. Johnson, of the City of Houston, TX do solemnly affirm as follows: I am fluent in the English and the Spanish languages and I have prepared this translation from English into Spanish of which a copy of the original is attached hereto. The attached document is, in all respects, a true and correct translation from English into Spanish. I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.
Executed on January 31, 2019

Signature: ____________ Burt W. Johnson



**INFORME DE REGISTRO EN EL BANCO ESTATAL DE DATOS E INFORMACION SOBRE CASOS DE VIOLENCIA CONTRA LAS MUJERES.**

Carpeta de Investigación No. 40067/2018

Fecha: 18 DE ABRIL DEL 2018 Agencia M.P. UNIDAD DE ATENCION INTEGRAL A LAS MUJERES

Delito: VIOLENCIA FAMILIAR

Nombre **JENNIFER JARAMILLO GALLAGA**

Que en este momento me es informado que los datos que proporcioné dentro de la presente Carpeta de Investigación serán registrados en el Banco Estatal de Datos e Información sobre Casos de Violencia contra las Mujeres, los cuales serán manejados de manera confidencial y con fines exclusivamente estadísticos, institucionales y de prevención.

También se me informa que en base a lo establecido en el artículo 26 del Reglamento de la Ley de Acceso a las Mujeres a una Vida Libre de Violencia para el Estado de Guanajuato, la información nominativa o individualizada o aquella que posibilite la identificación de las Mujeres víctimas no podrá divulgarse, proporcionarse ni publicarse o hacerse del dominio público.

Observaciones: NINGUNA

Lo anterior con fundamento en lo dispuesto en los artículos 14 catorce, 15 quince fracciones II segunda y VI sexta de la Ley de Acceso de las Mujeres a una Vida Libre de Violencia para el Estado de Guanajuato y artículos 25 veinticinco, 26 veintiséis, 27 veintisiete, 28 veintiocho y 32 treinta y dos del Reglamento de dicha Ley.

Expediente BECVM:

JENNIFER JARAMILLO GALLAGA

FIRMA O HUELLA DE LA VICTIMA/OFENDIDA

| NOMBRE DE LA O EL AGENTE DEL MINISTERIO PÚBLICO | | |
|---|---|---|
| LIC. MARIA PUEBLITO VAZQUEZ CHAVEZ | | |
| 16057 | UNIDAD DE ATENCION INTEGRAL A LAS MUJERES. | |
| NUMERO DE EMPLEADA(O) | ADSCRIPCIÓN | FIRMA |

EXHIBIT

F

| CARPETA DE INVESTIGACION | 40067/2018 |
|---|---|
| UNIDAD DE ATENCION INTEGRAL A LAS MUJERES | |
| DELITO | VIOLENCIA FAMILIAR |

## ACTA DE AUTORIZACIÓN PARA REVISIÓN MÉDICA

| ESPECIFICACIÓN DEL LUGAR | UNIDAD DE ATENCION INTEGRAL A LAS MUJERES | | |
|---|---|---|---|
| DOMICILIO DEL LUGAR | PASEO IRAPUATO NUMERO 2010 FRACCIONAMIENTO RESIDENCIAL CAMPESTRE IRAPUATO GUANAJUATO | | |
| FECHA | 18 DE ABRIL DEL AÑO 2018 | HORA | 14:55 HORAS |

**Acta de Autorización de peritaje.**

ARTÍCULO 269 DEL CÓDIGO NACIONAL DE PROCEDIMIENTOS PENALES. Durante la investigación, la policía o, en su caso el Ministerio Público, podrá solicitar a cualquier persona la aportación voluntaria de muestras de fluido corporal, vello, o cabello, exámenes corporales de carácter biológico; extracciones de sangre u otros análogos, así como que se le permita obtener imágenes internas o externas de alguna parte del cuerpo, siempre que no implique riesgos para la salud y la di gnidad de la persona.
Se deberá informar previamente a la persona el motivo de la aportación y del derecho que tiene a negarse a proporcionar dichas muestras. En los casos de delitos que impliquen violencia contra las mujeres, en los términos de la Ley de Acceso a las Mujeres a una Vida Libre de Violencia , la inspección corporal deberá ser llevada a cabo en pleno cumplimiento del consentimiento informado de la víctima y con respeto de sus derechos.
Las muestras o imágenes deberán ser obtenidas por personal especializado, mismo que en todo caso deberá ser del mismo sexo, o del sexo que la persona elija, con estricto apego al respeto a la dignidad y a los derechos humanos y de conformidad con los protocolos que al efecto expida la Procuraduría. Las muestras o imágenes obtenidas serán analizádas y dictaminadas por los peritos en la materia.

| | |
|---|---|
| CAUSA(S) DE LA REVISIÓN: | [ ] I. Sospecha fundada.<br>[X] II. Estricta necesidad.<br>[ ] III. Fuere necesario para constatar circunstancias relevantes para la investigación. |
| EXPLICAR LA CAUSA SELECCIONADA DE REVISIÓN | Se requiere que a la ofendida se le realice un informe pericial de integridad física debido a los hechos que narra, debido a su petición y a fin de garantizar su bienestar de salud personal. |

Se le hace saber a la persona a revisar que tiene derecho a nombrar abogado asesor jurídico que esté presente en la revisión médica. Sin embargo no nombra a persona alguna.

LAS PERSONAS OTORGAN SU CONSENTIMIENTO: SÍ [X] NO [ ]

| NOMBRE DE LA OFENDIDA | JENNIFER JARAMILLO GALLAGA |
|---|---|

Se me hizo saber que sólo con mi consentimiento pueden ser sometido (as) a examen o inspección corporal de mi persona, que se respetara mi pudor y que no se menoscabara mi salud ni mi integridad física. También se me explicó en que consistirá la revisión médica de integridad física.

Se me informaron los efectos legales derivados de las prácticas ministeriales descritas.

JENNIFER JARAMILLO GALLAGA

FIRMA DE CONSENTIMIENTO

| NOMBRE DEL AGENTE DEL MINISTERIO PUBLICO | | |
|---|---|---|
| LIC. MARIA PUEBLITO VAZQUEZ CHAVEZ | | |
| 16057 | UNIDAD DE EN ATENCION INTEGRAL A LAS MUJERES | |

PROCURADURIA GENERAL DE JUSTICIA
CENTRO DE JUSTICIA PARA LAS MUJERES
DEL ESTADO DE GUANAJUATO
UNIDAD DE ATENCION INTEGRAL
A LAS MUJERES

(LOGO)

**REGISTRATION REPORT IN THE STATE DATA AND INFORMATION BANK ON CASES OF VIOLENCE AGAINST WOMEN**

Investigation File No. 40067/2018

Date: 18th OF APRIL OF 2018 *M.P.* Agency INTEGRAL ATTENTION TO WOMEN UNIT
Crime: FAMILY VIOLENCE

Name JENNIFER JARAMILLO GALLAGA
That at this moment I am informed that the data I have provided in this Investigation File will be registered in the State Data and Information Bank of Cases of Violence against Women, which will be handled in a confidential manner and for exclusively statistical, institutional and prevention purposes.

I am also informed that based on what is established in Article 26 of the Regulation of the Law of Access of Women to a Life Free of Violence for the State of Guanajuato, the nominative or individualized information or that which enables the identification of women victims may not be disclosed, provided or published or made public.

Observations: NONE

The foregoing is based on the provisions of articles 14 fourteen, 15 fifteen parts II second and VI sixth of the Law of Access of Women to a Life Free of Violence for the State of Guanajuato and articles 25 twenty-five, 26 twenty-six, 27 twenty-seven, 28 twenty-eight and 32 thirty-two of the Regulations of said Law.

File *BECVM*:

JENNIFER JARAMILLO GALLAGA
(SIGNATURE)
SIGNATURE OR FINGERPRINT OF THE VICTIM/OFFENDED

NAME OF THE PUBLIC MINISTRY AGENT

*LIC.* MARIA PUEBLITA VASQUEZ CHAVEZ (SIGNATURE)

16057 INTEGRAL ATTENTION TO WOMEN UNIT
NUMBER OF EMPLOYEE ADSCRIPTION SIGNATURE

---TRANSLATOR AFFIRMATION---
I, Burt W. Johnson, of the City of Houston, TX do solemnly affirm as follows: I am fluent in the English and the Spanish languages and I have prepared this translation from English into Spanish of which a copy of the original is attached hereto. The attached document is, in all respects, a true and correct translation from English into Spanish. I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.
Executed on January 30, 2019 Signature: Burt W. Johnson

HOUSTON INTERPRETERS AND TRANSLATORS ASSOCIATION - Burt W. Johnson - Member

**INVESTIGATION FILE 40067/2018**

**INTEGRAL ATTENTION TO WOMEN UNIT**

**CRIME FAMILY VIOLENCE**

**CERTIFICATE OF AUTHORIZATION FOR MEDICAL REVIEW**

| | |
|---|---|
| **SPECIFICATION OF PLACE** | **INTEGRAL ATTENTION TO WOMEN UNIT** |
| **DOMICILE OF PLACE** | ***PASEO IRAPUATO NUMERO 2010 FRACCIONAMIENTO RESIDENCIAL CAMPESTRE IRAPUATO GUANAJUATO*** |
| **DATE** | **18TH OF APRIL OF YEAR 2018 HOUR 1455 HOURS** |

**Certificate of Authorization of expert report**

ARTICLE 269 OF THE NATIONAL CODE OF CRIMINAL PROCEDURES. During the Investigation, the police or, where appropriate, the Public Ministry, may request any person to voluntarily provide samples of body fluid, fuzz, or hair, biological corporal examinations, extractions of blood or analogous other, as well as being allowed to obtain internal or external images of any part of the body as long as it does not involve risks to the health and dignity of the person.

The person must be informed in advance of the reason for the contribution and of the right of the person to refuse to provide said samples. In case of offenses that imply violence against women, under the terms of the Law of Access of Women to a Life Free of Violence, corporal inspection must be carried out in full compliance with the informed consent of the victim and with respect for his/her rights.

The samples or images must be obtained by specialized personnel, who in any case must be of the same sex, or of the sex that the person chooses, with strict adherence to respect for dignity and human rights and in accordance with the protocols to this effect that the Procurator's Office issues. The samples or images obtained will be analyzed and ruled on by experts in the field.

CAUSE(S) OF THE REVIEW:

[ ] I. Founded suspicion.

[X] II. Strict need.

[ ] III. It was necessary to verify relevant circumstances for the investigation.

EXPLAINING THE SELECTED CAUSE OF REVIEW

It is required that to the offended must be issued a physical integrity expert report based on the facts that he/she narrates, due to his/her petition and in order to guarantee him/her the well-being of personal health.

The person is to be told to review that he/she has the right to appoint legal counsel to be present at the medical review. However, it does not name any person.

THE PERSONS GRANT THEIR CONSENT: YES X NO

NAME OF THE OFFENDED **JENNIFER JARAMILLO GALLAGA**

I was informed that only with my consent can I be subjected to an examination or corporal inspection of my person, that my modesty be respected and that my health and physical integrity not be impaired. It was also explained to me of what the medical review of physical integrity would consist.

I was informed of the legal effects derived from the ministerial practices described.

**JENNIFER JARAMILLO GALLAGA**
(SIGNATURE)
**SIGNATURE OF CONSENT**

**NAME OF THE PUBLIC MINISTRY AGENT** (SIGNATURE) (STAMP)

*LIC.* MARIA PUEBLITA VASQUEZ CHAVEZ
16057 INTEGRAL ATTENTION TO WOMEN UNIT

--------------------TRANSLATOR AFFIRMATION--------------------
I, Burt W. Johnson, of the City of Houston, TX do solemnly affirm as follows: I am fluent in the English and the Spanish languages and I have prepared this translation from English into Spanish of which a copy of the original is attached hereto. The attached document is, in all respects, a true and correct translation from English into Spanish. I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.
Executed on January 30, 2019 Signature: Burt W. Johnson

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.**

**NO. 2018-53462**

| | | |
|---|---|---|
| **IN THE MATTER OF** | § | **IN THE DISTRICT COURT** |
| **THE MARRIAGE OF** | § | |
| | § | |
| **JOSE ROBERTO ZAVALA** | § | |
| **AND** | § | **310TH JUDICIAL DISTRICT** |
| **JENNIFER JARAMILLO GALLAGA** | § | |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| **B. M. Z. , A CHILD** | § | **HARRIS COUNTY, TEXAS** |

**EXHIBIT G: AFFIDAVIT FOR UCCJEA INFORMATION**

Jennifer Jaramillo Gallaga appeared in person before me today and stated under oath:

"My name is Jennifer Jaramillo Gallaga. I am above the age of eighteen years, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"I am the Respondent in this case.

"The child's present address is Eucalipto #3316, Bajada de San Martin, Irapuato, GT 36555.

"For the past five years immediately preceding the date of this affidavit, the child have lived at the following addresses with the following persons:

Address: C. Francisco Villa 99, Col. Nueva Reforma Agraria, Irapuato, GT 36654.
Persons lived with: Jennifer Jaramillo Gallaga
Date: March 2014 to present

The present address of Jennifer Jaramillo Gallaga is C Eucalipto #3316, Bajada de San Martin, Irapuato, GT 36555.

Address: 5613 Norments Street, Houston, Texas 77039
Persons lived with: Jennifer Jaramillo Gallaga and Jose Roberto Zavala
Date: 2014 to March 2014

The present address of Jennifer Jaramillo Gallaga is Eucalipto #3316, Bajada de San

EXHIBIT
G

Martin, Irapuato, GT 36555. The present address of Jose Roberto Zavala is 5613 Norments Street, Houston, Texas 77039.

"I have participated, as a party or as a witness or in any other capacity, in any the following proceeding concerning the custody of or visitation:

On April 25, 2018, I applied filed an application for the return of Brisbane with the Mexican authorities, who then notified the United States Department of State.

"The following proceeding could affect this proceeding:

Pending application with the United States Department of State for the return of Brisbane to Mexico.

"I do not know of any person not a party to this proceeding who has physical custody of the child or claims rights of legal custody or physical custody of, or visitation with, the child."

____________________________
Jennifer Jaramillo Gallaga

SIGNED under oath before me on January 15, 2019

ELIZABETH SCALLAN
Notary Public, State of Texas
Comm. Expires 12-19-2021
Notary ID 124020326

____________________________
Notary Public, State of Texas

**Certificate of Translation**

"My name is Haniyah Naeem. I am over the age of eighteen. I declare under penalty of perjury that I am fluent in Spanish and English. I further declare under penalty of perjury that I accurately translated the foregoing document to Jennifer Jaramillo Gallaga, and that she stated to me under oath that she fully understood the said document. Having first so stated she proceeded to affix her signature.

Executed in Harris County, Texas on 1/15/19.

____________________________,
Translator



Secretaría de Relaciones Exterior
Dirección General de Protección a Mexicanos en el Exteri
Derecho de Famil
Restitución Internacional de Menor

Para llenado exclusivo de la Delegación de la SRE:

| Guanajuato | Estados Unidos |
|---|---|
| Delegación | País requerido |

[Marque sólo una opción]

| | | | |
|---|---|---|---|
| Derechos de Visita<br>Access Rights | | Restitución Internacional<br>International Return | X |
| Número de menores<br>Number of children | 1 | | |

| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name | Edad/Age |
|---|---|---|---|
| Zı | | Bı Mı | 4 años |
| | | | |
| | | | |
| | | | |
| | | | |

EXHIBIT

H

SECRETARIA DE RELACIONES EXTERIORES

SOLICITUD DE ASISTENCIA CON BASE EN LA CONVENCION DE LA HAYA SOBRE LOS ASPECTOS CIVILES DE LA SUSTRACCION INTERNACIONAL DE MENORES

SRE

SECRETARIA DE RELACIONES EXTERIORES

El llenado de la presente solicitud es exclusivo del solicitante, favor de llenar los espacios con letra de molde o a computadora. / Only the applicant should fill out this form. Please type or handwrite the requested information.

| Número de menores / Number of minors | 1 | Derechos de Visita / Access Rights | | Restitución Internacional / International Return | X |
|---|---|---|---|---|---|

## I. DATOS DEL MENOR/INFORMATION ABOUT THE CHILD

NOMBRE DEL MENOR/NAME OF THE CHILD

| Z | | B M |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name |

| / / 2014 | Houston, Texas | Americana - Mexicana |
|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| / / 030 | Femenino | 4 años |
|---|---|---|
| Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age |

| | DD / MM / YYYY | Irapuato, Guanajuato, México |
|---|---|---|
| Número de pasaporte / Passport number | Y / and Fecha de Caducidad / Expiration date | Residencia habitual ANTES DE LA SUSTRACCION/ Habitual residence BEFORE THE ABDUCTION |

INFORMACIÓN FÍSICA/PHYSICAL INFORMATION

| 1.5 mts | 14 kg | Café | Café |
|---|---|---|---|
| Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color |

| |
|---|
| Señas particulares/Distinctive marks |

POSIBLE UBICACIÓN/CURRENT OR POSSIBLE LOCATION

| Norments | 5613 | | |
|---|---|---|---|
| Calle/Street | Núm/Num | Int/Appt | Colonia |

| Houston | Texas | |
|---|---|---|
| Ciudad/City | Municipio/County | Comunidad o poblado/Community or town |

| Texas | U.S. | 77039 |
|---|---|---|
| Estado o Provincia/State or Province | País/Country | C.P. /ZIP Code |

## II. INFORMACIÓN DE LA PERSONA O INSTITUCIÓN QUE SOLICITA LA RESTITUCIÓN O EL EJERCICIO EFECTIVO DE DERECHOS DE VISTA/ II. INFORMATION CONCERNING THE PERSON OR INSTITUTION REQUESTING RETURN OR ENJOYMENT OF THE RIGHT OF ACCESS

RELACIÓN CON EL MENOR/ RELATIONSHIP WITH THE CHILD/REN

Padre/ Father [ ]   Madre/ Mother [X]   Ambos/ Both [ ]   Institución/ Institution [ ]   Otro: / Other: ______

¿Ejercía el solicitante la patria potestad y/o custodia del menor?
Was the applicant exercising parental and/or custodial rights?

[X] Sí/Yes   [ ] No/No

| Jaramillo | Gallaga | Jennifer |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal Last name | Nombre(s)/First and Middle name |

| 26 / 12 / 1991 | México | Mexicana |
|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| | Femenino | 26 años |
|---|---|---|
| Otra nacionalidad/Other nationality | Sexo/Gender | Edad / Age |

DIRECCIÓN/ADDRESS

| Francisco Villa | 99 | | Nueva Reforma Agraria |
|---|---|---|---|
| Calle/Street | Núm/Num | Int/Appt | Colonia |

| Irapuato | Irapuato | |
|---|---|---|
| Ciudad/City | Municipio/Municipality | Comunidad o poblado/County or town |

| Guanajuato | Mexico | 36554 |
|---|---|---|
| Estado o provincia/State or Province | País/Country | C.P. /ZIP Code |

DATOS DE CONTACTO/ CONTACT INFORMATION

| ( 462 ) 490 4653 | ( 462 ) 236 8937 | ( 462 ) 210 9512 |
|---|---|---|
| Teléfono de casa/Home number | Teléfono de oficina/Office number | Celular/Mobile |

| jennifer _ jazava@hotmail.com | |
|---|---|
| Correo electrónico/E-mail | Otros/Other |

INSTITUCIÓN/INSTITUTION (llenar sólo si el solicitante es una institución)/(fill only if the applicant is an institution).

| | |
|---|---|
| Nombre de la Institución/Institution's Name | Representante /Representative |

## III. INFORMACION DE LA PERSONA QUE PRESUNTAMENTE SUSTRAJO O RETUVO AL MENOR O IMPIDE LOS DERECHOS DE VISITA/INFORMATION CONCERNING THE PERSON ALLEGED TO HAVE WRONGFULLY REMOVED OR RETAINED THE CHILD, OR PREVENTING ACCESS

RELACIÓN CON EL MENOR/ RELATIONSHIP WITH CHILD/REN

Padre/Father [X] Madre/Mother [ ] Ambos/Both [ ] Otro:/Other: ______________

| Zavala | Ramírez | José Roberto |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name |

| 22 / 07 / 1976 | Irapuato, Guanajuato, México | Mexicano |
|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| Americano | Masculino | 41 años |
|---|---|---|
| Otra nacionalidad/Other Nationality | Sexo/Gender | Edad / Age |

| Robert | | DD / MM / YYYY | Estados Unidos |
|---|---|---|---|
| Alias<br>Also known as | Número de pasaporte Y<br>Passport number and | Fecha de Caducidad<br>Expiration date | Residencia habitual<br>Habitual residence |

INFORMACIÓN FÍSICA/PHYSICAL INFORMATION

| 1.69 metros | 80 kilos | negro | café |
|---|---|---|---|
| Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color |

| Lunar de sangre en ceja izquierda |
|---|
| Señas particulares/Distinctive marks |

POSIBLE UBICACIÓN/ PROBABLE LOCATION

| Norments | 5613 | | |
|---|---|---|---|
| Calle/Street | Núm/num | Int/Appt | Colonia |

| Houston | Texas | |
|---|---|---|
| Ciudad/City | Municipio/County | Comunidad o poblado/Community or town |

| Houston | Texas | 77039 |
|---|---|---|
| Estado o provincia/State or Province | País/Country | C.P. /ZIP Code |

| (832) 372 8375 | (832) 423 7103 | (346) 284 9317<br>(832) 752 2416 |
|---|---|---|
| Teléfono de casa/Home number | Teléfono de oficina/Office number | Celular/Mobile |

| roberto.zavala02@hotmail.com | |
|---|---|
| Correo electrónico/E-mail | Otros/Other |

## IV. NARRACIÓN DE LOS HECHOS Y CIRCUNSTANCIAS EN QUE OCURRIÓ LA SUSTRACCIÓN O RETENCIÓN ILÍCITA DEL (LOS) MENOR(ES)/ O BIEN LAS ACCIONES QUE IMPIDEN EL EJERCICIO EFECTIVO DEL DERECHO DE VISITA

## IV. STATEMENT OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE WRONGFUL REMOVAL OR ILLICIT RETENTION/ OR THE ACTIONS PREVENTING ACCESS

Indicar fecha, hora y lugar en que ocurrió la sustracción, incluyendo información sobre la fecha y temporalidad de cualquier permiso de viaje que se hubiera otorgado; o bien indicar la fecha en la que se dejó de ejercer el derecho de visita, si requiere más espacio incluya las hojas que considere necesarias. / Please provide a statement of the date, time, place and circumstances of the wrongful removal or retention, including the issuance and expiration date of any permission to travel ; or the date in which access stopped. If you need more space, please attach additional sheets.

El día 24 de abril del 2018, como de costumbre salí de mi casa por la mañana a realizar mis actividades se suponía que Roberto Zavala Ramírez padre de mi hija B[redacted] M[redacted] Z[redacted] la llevaría al Kinder.

Al llegar al domicilio 7:40 pm, me percaté que no se encontraban en casa mi hija y su padre, pues yo pasaría por ella para ir a un compromiso y después a llevar unos documentos a casa de mi mamá pues Roberto me había escondido algunos otros (visa, pasaporte, entre otros).

Cuando llegué al domicilio de nuevo 10.30 pm, ellos todavía no regresaban, le volví a llamar y al no encontrar respuesta decidí dirigirme a casa de tres de sus familiares pero nadie me supo decir dónde estaban.

25 de Abril 2018 por la mañana me enteré que la señora Hermelinda Zavala (tía de Roberto) sabría que él se había llevado a mi hija, el vuelo salió del aeropuerto de Silao, Guanajuato con escala a Monterrey y destino a Houston Texas, saldrían de casa a las 5.00 am del mismo 24 de abril del 2018, me dijeron que Roberto pagó a una abogada para que le firmara un poder y sacar a mi hija del país.

## V. DATOS DE LOS PADRES/ PARENT INFORMATION

¿Están o estaban casados? / Are you or were you married? [X] Sí / Yes [ ] No/No

En caso afirmativo, por favor llene lo siguiente: / If so, please complete the following:

| México, Guanajuato, Irapuato | 04 / 05 / 2011 |
|---|---|
| Lugar del matrimonio/Place of marriage | Fecha /Date |
| | DD / MM / YYY |
| Lugar del divorcio/Place of divorce | Fecha /Date |

¿Hay alguna resolución o convenio judicial relativo a los menores?/ Is there any judicial decree related to the child(ren)? (En caso afirmativo la misma deberá anexarse)/ (If so, please attach it) [ ] Sí /Yes [X] No/No

¿Habitaban juntos antes de la sustracción? Were the parents living together before the abduction? [X] Sí /Yes [ ] No/No

## VI. PROCEDIMIENTOS O INSTANCIAS EN TRÁMITE/ONGOING PROCEEDINGS

Por favor especifique si existen procedimientos judiciales relacionados con el/ los menor(es) en curso. Si requiere más espacio incluya las hojas que considere necesarias. / Please state if there are ongoing judicial proceedings concerning the child/ren. If you need more space, please attach additional sheets.

DATOS DE CONTACTO DEL ABOGADO / ATTORNEY'S CONTACT INFORMATION

| ( ) | ( ) | ( ) |
|---|---|---|
| Teléfono directo/ Direct line | Teléfono de oficina/Office number | Celular/Mobile |

Correo electrónico/E-mail | Otros/Other

**VII. (LLENAR ESTA PARTE SÓLO SI SE SOLICITA LA RESTUTUCIÓN O DERECHOS DE VISITA DE MÁS DE UN MENOR/ COMPLETE THIS PART ONLY IF YOU ARE REQUESTING THE RETURN OR ACCESS OF MORE THAN ONE CHILD)**

NOMBRE DEL MENOR /NAME OF THE CHILD

Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and Middle name

DD / MM / YYYY
Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship

DD / MM / YYYY
Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age

DD / MM / YYYY
Número de pasaporte/ Passport number | Y and | Fecha de Caducidad/ Expiration date | Residencia habitual ANTES DE LA SUSTRACCION/ Habitual residence BEFORE THE ABDUCTION

INFORMACIÓN FÍSICA/PHYSICAL INFORMATION

Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color

Señas particulares/Distinctive marks

NOMBRE DEL MENOR /NAME OF THE CHILD

Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name

DD / MM / YYYY
Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship

DD / MM / YYYY
Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age

DD / MM / YYYY
Número de pasaporte/ Passport number | Y and | Fecha de Caducidad/ Expiration date | Residencia habitual ANTES DE LA SUSTRACCION/ Habitual residence BEFORE THE ABDUCTION

INFORMACIÓN FÍSICA/PHYSICAL INFORMATION

Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color

En caso de requerir más espacio para otro menor, favor de fotocopiar la presente hoja / If you need more space, please photocopy this page.

**Señas particulares/Distinctive marks**

## VIII. PROPUESTA DE RETORNO O CONVIVENCIAS CON EL MENOR/PROPOSAL FOR RETURN OR ACCESS



Proporcionar información sobre la manera en que se propone que viaje el menor y las personas que lo acompañarían a su lugar de residencia habitual en caso de ordenarse su retorno; o bien, la propuesta de convivencias y/o contacto por medios electrónicos en caso de haber solicitado derechos de visita. Si requiere más espacio, favor de anexar las hojas necesarias.

Please provide information about proposed travel arrangements for the child if return is ordered, including the name of the person traveling with the child. If you request access please provide visitation and/or contact proposal.

Me gustaría que mi hija regresara por avión, de preferencia acompañada de su padre. Ambos cuentan con pasaporte vigente.

## IX. COMENTARIOS Y OBSERVACIONES/ADDITIONAL REMARKS

Favor de especificar si cuenta con documentación migratoria para ingresar al país en el que se encuentra el menor/es, si está disponible y cuenta con los recursos para viajar y si habla el idioma del país de que se trate. Please specify if you have documents required to enter the country where the child/ren is/are located, if you are available and have the resources to travel and whether you speak the language of that country.

Si estoy en la disposición para ir a Estados Unidos de ser necesario no tengo VISA, pero estoy dispuesta a tratar de obtenerla.
Si cuento con pasaporte vigente.

## DOCUMENTOS QUE SE ANEXAN/DOCUMENTS ATTACHED

- [X] FOTOGRAFIA DEL MENOR/ES PHOTOGRAPH OF THE CHILD(REN)
- [X] FOTOGRAFIA DE LA PERSONA QUE PRESUNTAMENTE SUSTRAJO AL (LOS) MENOR(ES)PHOTOGRAPH OF THE PERSON ALLEGED TO HAVE WRONGFULLY REMOVED THE CHILD(REN)
- [X] COPIA CERTIFICADA DEL ACTA DE NACIMIENTO DEL(OS) MENOR(ES)/CERTIFIED COPY OF THE BIRTH CERTIFICATE OF THE CHILD(REN)
- [X] COPIA CERTIFICADA DEL ACTA DE MATRIMONIO/CERTIFIED COPY OF THE MARRIAGE CERTIFICATE
- [ ] SENTENCIA QUE DECRETA EL DIVORCIO/DIVORCE DECREE
- [ ] ACUERDO O CONVENIO JUDICIAL RELATIVO A LA CUSTODIA Y/O AL EJERCICIO DEL DERECHO DE VISTA/JUDICIAL AGREEMENT CONCERNING CUSTODY OR ACCESS
- [ ] OTROS (OTHER):

León, Guanajuato [signature]
Lugar y firma/Place and Signature

08/27/2018
Fecha/Date



Secretaría de Relaciones Exteriore
Dirección General de Protección a Mexicanos en el Exterio
Derecho de Famil
Restitución Internacional de Menore

Para llenado exclusivo de la Delegación de la SRE:

| Guanajuato | United States |
|---|---|
| Delegación | País requerido |

[Marque sólo una opción]

| | | | |
|---|---|---|---|
| Derechos de Visita<br>Access Rights | | Restitución Internacional<br>International Return | X |

Número de menores / Number of children: 1

| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name | Edad/Age |
|---|---|---|---|
| Z | | Br M | 4 years |
| | | | |
| | | | |
| | | | |
| | | | |

SECRETARIA DE RELACIONES EXTERIORES

SOLICITUD DE ASISTENCIA CON BASE EN LA CONVENCION DE LA HAYA SOBRE LOS ASPECTOS CIVILES DE LA SUSTRACCION INTERNACIONAL DE MENORES

SRE

SECRETARÍA DE RELACIONES EXTERIORES

El llenado de la presente solicitud es exclusivo del solicitante, favor de llenar los espacios con letra de molde o a computadora. / Only the applicant should fill out this form. Please type or handwrite the requested information.

Número de menores / Number of minors: 1 | Derechos de Visita / Access Rights: [ ] | Restitución Internacional / International Return: X

## I. DATOS DEL MENOR/INFORMATION ABOUT THE CHILD

NOMBRE DEL MENOR/NAME OF THE CHILD

| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name |
|---|---|---|
| Z: | | Br M: |

| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |
|---|---|---|
| / / 2014 | Houston, Texas | American - Mexican |

| Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age |
|---|---|---|
| / / 030 | Female | 4 years |

| Número de pasaporte Y Passport number and | Fecha de Caducidad Expiration date | Residencia habitual ANTES DE LA SUSTRACCION/ Habitual residence BEFORE THE ABDUCTION |
|---|---|---|
| | DD / MM / YYYY | Irapuato, Guanajuato, Mexico |

INFORMACIÓN FÍSICA/PHYSICAL INFORMATION

| Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color |
|---|---|---|---|
| 4.92 | 30.86 | Brown | Brown |

Señas particulares/Distinctive marks:

POSIBLE UBICACIÓN/CURRENT OR POSSIBLE LOCATION

| Calle/Street | Núm/Num | Int/Appt | Colonia |
|---|---|---|---|
| Norments | 5613 | | |

| Ciudad/City | Municipio/County | Comunidad o poblado/Community or town |
|---|---|---|
| Houston | Texas | |

| Estado o Provincia/State or Province | País/Country | C.P. /ZIP Code |
|---|---|---|
| Texas | United States | 77039 |

## II. INFORMACIÓN DE LA PERSONA O INSTITUCIÓN QUE SOLICITA LA RESTITUCIÓN O EL EJERCICIO EFECTIVO DE DERECHOS DE VISTA/ II. INFORMATION CONCERNING THE PERSON OR INSTITUTION REQUESTING RETURN OR ENJOYMENT OF THE RIGHT OF ACCESS

RELACIÓN CON EL MENOR/ RELATIONSHIP WITH THE CHILD/REN

Padre/ Father [ ] Madre/ Mother [X] Ambos/ Both [ ] Institución/ Institution [ ] Otro: / Other: ____________

¿Ejercía el solicitante la patria potestad y/o custodia del menor?
Was the applicant exercising parental and/or custodial rights?

[X] Sí/Yes [ ] No/No

| Jaramillo | Gallaga | Jennifer |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal Last name | Nombre(s)/First and Middle name |

| 26 / 12 / 1991 | Mexico | Mexican |
|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| | Female | 26 years |
|---|---|---|
| Otra nacionalidad/Other nationality | Sexo/Gender | Edad / Age |

DIRECCIÓN/ADDRESS

| Francisco Villa | 99 | | Nueva Reforma Agraria |
|---|---|---|---|
| Calle/Street | Núm/Num | Int/Appt | Colonia |

| Irapuato | Irapuato | |
|---|---|---|
| Ciudad/City | Municipio/Municipality | Comunidad o poblado/County or town |

| Guanajuato | Mexico | 36554 |
|---|---|---|
| Estado o provincia/State or Province | País/Country | C.P. /ZIP Code |

DATOS DE CONTACTO/ CONTACT INFORMATION

| ( 462 ) 490 4653 | ( 462 ) 236 8937 | ( 462 ) 210 9512 |
|---|---|---|
| Teléfono de casa/Home number | Teléfono de oficina/Office number | Celular/Mobile |

| jennifer _ jazava@hotmail.com | |
|---|---|
| Correo electrónico/E-mail | Otros/Other |

INSTITUCIÓN/INSTITUTION (llenar sólo si el solicitante es una institución)/(fill only if the applicant is an institution).

| | |
|---|---|
| Nombre de la Institución/Institution's Name | Representante /Representative |

## III. INFORMACION DE LA PERSONA QUE PRESUNTAMENTE SUSTRAJO O RETUVO AL MENOR O IMPIDE LOS DERECHOS DE VISITA/INFORMATION CONCERNING THE PERSON ALLEGED TO HAVE WRONGFULLY REMOVED OR RETAINED THE CHILD, OR PREVENTING ACCESS

RELACIÓN CON EL MENOR/ RELATIONSHIP WITH CHILD/REN

Padre Father [X] Madre Mother [ ] Ambos Both [ ] Otro: Other: ____________

| Zavala | Ramirez | José Roberto |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name |

| 22 / 07 / 1976 | Irapuato, Guanajuato, México | Mexican |
|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| American | Male | 41 years |
|---|---|---|
| Otra nacionalidad/Other Nationality | Sexo/Gender | Edad / Age |

| Robert | | DD / MM / YYYY | United States |
|---|---|---|---|
| Alias Also known as | Número de pasaporte Passport number | Y and Fecha de Caducidad Expiration date | Residencia habitual Habitual residence |

INFORMACIÓN FÍSICA/PHYSICAL INFORMATION

| 1.69 metros | 80 kilos | black | brown |
|---|---|---|---|
| Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color |

| Mark in left eyebrow |
|---|
| Señas particulares/Distinctive marks |

POSIBLE UBICACIÓN/ PROBABLE LOCATION

| Norments | 5613 | | |
|---|---|---|---|
| Calle/Street | Núm/num | Int/Appt | Colonia |

| Houston | Texas | |
|---|---|---|
| Ciudad/City | Municipio/County | Comunidad o poblado/Community or town |

| Houston | Texas | 77039 |
|---|---|---|
| Estado o provincia/State or Province | País/Country | C.P. /ZIP Code |

| (832) 372 8375 | (832) 423 7103 | (346) 284 9317<br>(832) 752 2416 |
|---|---|---|
| Teléfono de casa/Home number | Teléfono de oficina/Office number | Celular/Mobile |

| roberto.zavala02@hotmail.com | |
|---|---|
| Correo electrónico/E-mail | Otros/Other |

## IV. NARRACIÓN DE LOS HECHOS Y CIRCUNSTANCIAS EN QUE OCURRIÓ LA SUSTRACCIÓN O RETENCIÓN ILÍCITA DEL (LOS) MENOR(ES)/ O BIEN LAS ACCIONES QUE IMPIDEN EL EJERCICIO EFECTIVO DEL DERECHO DE VISITA

## IV. STATEMENT OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE WRONGFUL REMOVAL OR ILLICIT RETENTION/ OR THE ACTIONS PREVENTING ACCESS

Indicar fecha, hora y lugar en que ocurrió la sustracción, incluyendo información sobre la fecha y temporalidad de cualquier permiso de viaje que se hubiera otorgado; o bien indicar la fecha en la que se dejó de ejercer el derecho de visita, si requiere más espacio incluya las hojas que considere necesarias. / Please provide a statement of the date, time, place and circumstances of the wrongful removal or retention, including the issuance and expiration date of any permission to travel ; or the date in which access stopped. If you need more space, please attach additional sheets.

On april 24th 2018, as usual at the morning, I got out of my house to do my activities, it suppposed that Roberto Zavala Ramírez my daughter's father B[redacted] M[redacted] Z[redacted] would take her to preschool.
When I arrived at home at 7:40 pm, I realized that my daughter and her father were not at home because I'd pick her up to taker in a commitment with me. I assumed that Roberto had toke her to a relative's house. What I did was, call him but he didn't answer, so I went to my commitment and then to take some documents to my mother's house, because Roberto had hidden some others (my visa, passport, a many other personnel)
When I got at the address again around 10:30 pm, ther stilled not returning, I called him again and when I couldn't find an answer, I decided to go to the house of three of his relatives but nobody could tell me where they were.
On april 25th at the morning I found out that Mr. Hermelinda Zavala(Aunt of Roberto) knew that he dad got away with my daughter and the flight left the Silao, Gto., the would leave the house to 5:00 am on April 24th, ther told me that Roberto paid a lawyer to sing a power and get my daughter out of Mexico.

## V. DATOS DE LOS PADRES/ PARENT INFORMATION

¿Están o estaban casados? / Are you or were you married? [X] Sí / Yes [ ] No/No

En caso afirmativo, por favor llene lo siguiente: / If so, please complete the following:

| México, Guanajuato, Irapuato | 04 / 05 / 2011 |
|---|---|
| Lugar del matrimonio/Place of marriage | Fecha /Date |
| | DD / MM / YYY |
| Lugar del divorcio/Place of divorce | Fecha /Date |

¿Hay alguna resolución o convenio judicial relativo a los menores?/ Is there any judicial decree related to the child(ren)? (En caso afirmativo la misma deberá anexarse)/ (If so, please attach it) [ ] Sí /Yes [X] No/No

¿Habitaban juntos antes de la sustracción? Were the parents living together before the abduction? [X] Sí /Yes [ ] No/No

## VI. PROCEDIMIENTOS O INSTANCIAS EN TRÁMITE/ONGOING PROCEEDINGS

Por favor especifique si existen procedimientos judiciales relacionados con el/ los menor(es) en curso. Si requiere más espacio incluya las hojas que considere necesarias. / Please state if there are ongoing judicial proceedings concerning the child/ren. If you need more space, please attach additional sheets.

DATOS DE CONTACTO DEL ABOGADO / ATTORNEY'S CONTACT INFORMATION

| ( ) | ( ) | ( ) |
|---|---|---|
| Teléfono directo/ Direct line | Teléfono de oficina/Office number | Celular/Mobile |

Correo electrónico/E-mail Otros/Other

**VII. (LLENAR ESTA PARTE SÓLO SI SE SOLICITA LA RESTUTUCIÓN O DERECHOS DE VISITA DE MÁS DE UN MENOR/ COMPLETE THIS PART ONLY IF YOU ARE REQUESTING THE RETURN OR ACCESS OF MORE THAN ONE CHILD)**

NOMBRE DEL MENOR /NAME OF THE CHILD

Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and Middle name

DD / MM / YYYY

Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship

DD / MM / YYYY

Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age

DD / MM / YYYY

Número de pasaporte/ Passport number | Y and | Fecha de Caducidad/ Expiration date | Residencia habitual ANTES DE LA SUSTRACCION/ Habitual residence BEFORE THE ABDUCTION

INFORMACIÓN FÍSICA/PHYSICAL INFORMATION

Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color

Señas particulares/Distinctive marks

NOMBRE DEL MENOR /NAME OF THE CHILD

Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name

DD / MM / YYYY

Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship

DD / MM / YYYY

Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age

DD / MM / YYYY

Número de pasaporte/ Passport number | Y and | Fecha de Caducidad/ Expiration date | Residencia habitual ANTES DE LA SUSTRACCION/ Habitual residence BEFORE THE ABDUCTION

INFORMACIÓN FÍSICA/PHYSICAL INFORMATION

Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color

En caso de requerir más espacio para otro menor, favor de fotocopiar la presente hoja / If you need more space, please photocopy this page.

## IX. COMENTARIOS Y OBSERVACIONES/ADDITIONAL REMARKS

Favor de especificar si cuenta con documentación migratoria para ingresar al país en el que se encuentra el menor/es, si está disponible y cuenta con los recursos para viajar y si habla el idioma del país de que se trate. Please specify if you have documents required to enter the country where the child/ren is/are located, if you are available and have the resources to travel and whether you speak the language of that country.

I am in the provision to move me to the United States, if necessary. I have not Visa, but I am willing to try to get it to upon request me.
I have valid passport

## DOCUMENTOS QUE SE ANEXAN/DOCUMENTS ATTACHED

- [ ] FOTOGRAFIA DEL MENOR/ES PHOTOGRAPH OF THE CHILD(REN)
- [X] FOTOGRAFIA DE LA PERSONA QUE PRESUNTAMENTE SUSTRAJO AL (LOS) MENOR(ES)PHOTOGRAPH OF THE PERSON ALLEGED TO HAVE WRONGFULLY REMOVED THE CHILD(REN)
- [X] COPIA CERTIFICADA DEL ACTA DE NACIMIENTO DEL(OS) MENOR(ES)/CERTIFIED COPY OF THE BIRTH CERTIFICATE OF THE CHILD(REN)
- [X] COPIA CERTIFICADA DEL ACTA DE MATRIMONIO/CERTIFIED COPY OF THE MARRIAGE CERTIFICATE
- [ ] SENTENCIA QUE DECRETA EL DIVORCIO/DIVORCE DECREE
- [ ] ACUERDO O CONVENIO JUDICIAL RELATIVO A LA CUSTODIA Y/O AL EJERCICIO DEL DERECHO DE VISTA/JUDICIAL AGREEMENT CONCERNING CUSTODY OR ACCESS
- [ ] OTROS (OTHER):

| León, Gto. [signature] | 08/27/2018 |
|---|---|
| Lugar y firma/Place and Signature | Fecha/Date |

CIVIL CODE FOR THE STATE OF GUANAJUATO

FIFTH TITLE OF MARRIAGE
Chapter Twelve
Of Divorce

**Article 337.** The divorce decree shall set the situation of the children, pursuant to the following rules:

I. When the cause for divorce is included in fraction III (The fact that a child is born of one the spouses, conceived before the marriage and that it is thus declared judicially), V (Immoral acts on the part of the husband or by the woman so as to corrupt the children, as well as tolerance in their corruption) and XV (the habits of betting or drinking alcohol or the undue and persistent use of enervating drugs, when this threatens the ruin of the family or is a constant reason for marital discord), the children shall be in the custody of the non-guilty party. If both should be guilty, they shall be in the custody of the corresponding ascendant pursuant to the terms of article 468 of this code, and there is such a person he/she shall be named as guardian or tutor.

II. In all other cases what has been agreed by the spouses is used, if at the judgment of the judge, there is nothing that attacks the interests of the minor; and if such agreement does not exist, the judge shall decide in reference to the inherent rights and obligations to the patria potestas or custody of the minor children, determining the retention, loss or suspension for one or both spouses, independently of the winner or loser in the trial, seeing only to the benefit of the minors. In this case and pursuant to fraction IV of article 468, the judge shall call whoever is legally responsible for the custody or shall name a guardian.

When the cause for divorce should be domestic violence, the guilty spouse shall not have the ward and custody of the minors, and shall also be restricted in the visiting rights according to the terms of the corresponding judicial resolution, making sure that these visits are supervised;
and

III. In those cases of fractions VI and VII of article 323, the children shall be in the custody of the healthy spouse, but the sick spouse shall keep the remaining rights of the custody.

**ARTICLE 338.** Before the definite decision is made as to the patria potestas or guardianship of the children, the courts can agree, at the petition of the grandparents, uncles, aunts or older brothers or sisters, anything that is considered beneficial for the minors.

**ARTICLE 339.** The father and mother, even if they lose the custody, are subject to all the obligations they have with their children.

CHAPTER EIGHT
OF THE CUSTODY OR PATRIA POTESTAS
Chapter One

**Of the effects of the custody in reference to the children.**

**ARTICLE 465.-** In the relation between ascendants and descendants, mutual respect and consideration shall be taken into consideration, whatever the state, age and condition.

SECRETARÍA DE RELACIONES EXTERIORES
DIRECCIÓN GENERAL DE PROTECCIÓN A MEXICANOS EN EL EXTERIOR

LIC. MARIA TERESA GARCIA DOBARGANES BARLOW
Perito Traductor e Intérprete # 8 y DGRC/PT/13
Tribunal Superior de Justicia de Guanajuato
Registro Civil Estatal
Céd. Prof. 1694677

Dirección General del Registro Civil • Perito Traductor Autorizado 2015

María Teresa García
Dobarganes Barlow
DGRC/PT/13

EXHIBIT
I

Those who have the patria potestas of children or adolescents must take care of them and tend to them, protect them against any kind of abuse, respecting their dignity and giving them orientation, so that they know their rights, learn to defend them and to respect the rights of other people.

Those who have the custody or patria potestas should orient and supervise them, and in it case, restrict the conducts and habits of the children and adolescents, always seeing first to the interests of childhood.

**ARTICLE 466.-** Those minor children who are not emancipated are under the patria potestas while there is one of the ascendants who must exercise this according to the law.

**ARTICLE 467.-** Patria potestas is exercised on the person and assets of the children. Those who have the custody or patria potestas shall comply with their appointment in a coordinated and respectful manner. As to the guard and education of the minors, these shall be subject to the modes of the applicable laws.

**ARTICLE 468.-** The patria potestas over the children of a marriage is exercised by the father and the mother, or in its case by the survivor. In case they or the survivor should die or should lose the patria potestas the following shall be done:

I.- When there are grandparents on both lines, the judge shall hear them and decide what is more convenient for the minors, taking into consideration the greater affective identification, the physical and moral conditions of the grandparents, their economic stability and always if possible, the opinion of the minor. The exercise of the respective action shall be in the hands of either of the grandparents, or if not possible, of the district attorney.

As soon as the judge knows about the matter, the necessary measures in relation to the custody of the minors shall be taken, while the patria potestas is decided.

II.- When there are two or more minors of the same family that live together, the judge shall do his best for them to remain together if at all possible.

III.- In all the cases in order to determine who shall exercise the patria potestas, the judge shall take into consideration the superior interests of the children; and

IV.- If as a result of the evaluation made by the judge of the grandparents of the minor or minors it should result that none of them is apt or ideal to exercise the patria potestas, the judge shall name a tutor, pursuant to the same law, who shall have the obligation, if it should be the case that the superior interest of the minor requires it, of transacting the adoption of the minor or minors as soon as possible.

**ARTICLE 469.-** When the two parents have recognized the child born outside of marriage and they live together, they shall both exercise patria potestas. If they are separated what is stipulated in article 436[1] shall be used.

**ARTICLE 470.-** In those cases foreseen in Article 436, if for any reason one of the parents should no longer exercise the patria potestas, the other parent shall do so.

**ARTICLE 471.-** Those who exercise the patria potestas, independently of the fact the they live in different domiciles, shall comply with their obligations in a coordinated and respectful manner. In case they do not do this, the judge, after hearing the parents, shall resolve what he feels is most convenient for the interests of the minor.

[1] **Article 436.** When the father and the mother that do not live together recognize the child in the same act or if the recognition is made successively, they shall exercise the patria potestas and comply with all the obligations in their care in a coordinated and respectful manner; if they should not do this, the First Instance Civil Judge, after hearing the parents shall resolve what is more convenient to the interests of the minor.

SECRETARIA DE RELACIONES EXTERIORES
DIRECCION GENERAL DE PROTECCION A MEXICANOS EN EL EXTERIOR
Dirección General del Registro Civil • Perito Traductor Autorizado
LIC. MARIA TERESA GARCIA DOBARGANES BARLOW
Perito Traductor e Intérprete # 8 y DGRC/PT/13
Tribunal Superior de Justicia de Guanajuato
Registro Civil Estatal
Céd. Prof. 1694677
María Teresa García Dobarganes Barlow
DGRC/PT/13

**ARTICLE 472.-** In the absence of the father and mother, the patria potestas over the recognized child shall be exercised by the ascendants referred in article 468, complying with the dispositions established in that same article.

If there is no one to exercise the original representation of children and adolescents or when for another reason it is so determined by the jurisdictional competent body based on the superior interests of childhood, the alternate representation shall correspond to the Protection Office of Children and Adolescents of the State of Guanajuato.

**ARTICLE 473.-** In a simple adoption the patria potestas over the adopted child is exercised only by those who adopt.

In a full adoption the patria potestas is exercised pursuant to the terms given in this Code for full blood children.

The minor or disabled woman who has a child shall exercise the custody or patria potestas through her parents or tutor that represents her.

**ARTICLE 474.-** If only one of the two persons to whom the patria potestas corresponds is present, that person shall be the one to exercise the patria potestas.

**ARTICLE 474-A.-** Those who exercise the patria potestas, even if they do not have the custody, have the right of living with their descendants, except if it should not be convenient for them.

The personal relations between the minor and his family cannot be impeded without just cause. In case of opposition at the petition of any of them, the judge shall resolve what is best in attention to the superior interests of the minor. Only by a judicial order can the right to have a relationship with them, as indicated in the previous paragraph, be limited, suspended or lost, as well as in those cases of suspension or loss of the patria potestas, pursuant to what is established in the agreement or judicial resolution.

Parental alienation is also considered opposition.

The judge shall apply those measures foreseen in the Code of Civil Procedures and can even order a change of custody of the minors, after the respective process, when who has the judicially declared provisional or definite custody over them, without justification should repeatedly impede the relationship of the minors with the person or persons who have the judicial right of this.

**ARTICLE 475.-** While the child is in the patria potestas, he cannot leave the house of those who exercise it without their permission or an order from the competent authority.

**ARTICLE 476.-** The persons who have the patria potestas over the child have the obligation of educating him conveniently. When the District Attorney or in its case the Protection Office of Children and Adolescents of the State of Guanajuato hear that the persons in question do not comply with this obligation, they shall promote what is necessary.

The children or adolescents who have been separated from their family of origin by a judicial resolution, should be specially subject to a subsidiary protection with a priority of their care in a family environment, if this is possible and is not contrary to their superior interests; or that they be received by a welcoming family in those cases in which neither the parents, nor the extended family could take on this responsibility; or else place them, in view of the specific characteristics of each case, in a residential place offered by social care centers the shortest time possible.

LIC. MARIA TERESA GARCIA DOBARGANES BARLOW
Perito Traductor e Intérprete # 8 y DGRC/PT/13
Tribunal Superior de Justicia de Guanajuato
Registro Civil Estatal
Céd. Prof. 1694677

Maria Teresa Garcia
Dobarganes Barlow
DGRC/PT/13

SECRETARÍA DE RELACIONES EXTERIORES
DIRECCIÓN GENERAL DE PROTECCIÓN
A MEXICANOS EN EL EXTERIOR

**ARTICLE 500.-** The patria potestas is suspended:

I.- By a judicially declared disability;
II.- Because of absence declared in form;
III.- By a guilty verdict that enforces this suspension;
IV.-When the use of alcohol, habitual betting, the non-therapeutic use of illicit substances referred in the General Health Law and those licit ones not destined for that use and that produce psychotropic effects or that could cause damage of any kind to the minor, and that in the opinion of the judge this is only a temporary situation;
V.- For not allowing without justification the relationship ordered by the competent authority or in the judicially approved agreement;
VI.- Due to the guilty verdict that imposes this suspension, in case of parental alienation.

**ARTICLE 501.-** The patria potestas is not renounceable on the part of the father or the mother. The grandparents can excuse themselves of exercising it when they are over sixty years old or when because of their regular bad health they are not able to take care of this obligations.

The ascendant who relinquishes the patria potestas o excuses himself from carrying it out cannot recover it.

I, MARIA TERESA GARCIA DOBARGANES BARLOW, B.A. in Translation and Interpretation with a Diploma in Civil Law, authorized translator number DGRC/PT/13 by the Civil Registry and of the State Council of the Supreme Court of Guanajuato, as shown in the official writ dated May 21, 2013, page 33. http://www.poderjudicial-gto.gob.mx/pdfs/Peritos2013.pdf ----------------------------------------
------------------------------------------------ C E R T I F Y ------------------------------------------------
that this document of FIVE pages, bearing two ink seals, is, to the best of my knowledge and belief, a true and exact translation of the document of FIVE pages in Spanish, which I have in front of me. A copy of the Spanish original with my seal and signature is herein attached. The document is a copy of several articles of the CIVIL CODE FOR THE STATE OF GUANAJUATO related to marriage.------------------------------------

Lic. María Teresa García Dobarganes Barlow[2]
July 3rd, 2016

SECRETARIA DE RELACIONES EXTERIORES
DIRECCION GENERAL DE PROTECCIÓN A MEXICANOS EN EL EXTERIOR

LIC. MARIA TERESA GARCIA DOBARGANES BARLOW
Perito Traductor e Intérprete # 8 y DGRC/PT/13
Tribunal Superior de Justicia de Guanajuato
Registro Civil Estatal
Céd. Prof. 1594677

Dirección General del Registro Civil • Perito Traductor Autorizado 2015-2016
María Teresa García Dobarganes Barlow
DGRC/PT/13

[2] Lic. María Teresa García Dobarganes Barlow
Correo 25, San Miguel de Allende, Gto. México
mtdobarganes@yahoo.com .mx - (415) 152-01-51