United States District Court
Southern District of Texas
**ENTERED**
March 04, 2019
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JENNIFER JARAMILLO GALLAGA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-440 |
| | § | |
| JOSE ROBERTO ZAVALA RAMIREZ, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Jennifer Jaramillo Gallaga has moved to serve Jose Roberto Zavala Ramirez by alternative means. (Docket Entry No. 8). Gallaga argues that a process server has attempted to personally serve Ramirez, without success, at 5613 Norments Street, Houston, Texas 77039, his last known address. (*Id.* at 1, 5). Ramirez has not been served, Gallaga contends, because he "was not home and there is a gate preventing the process server from accessing the front door." (*Id.*). According to Gallaga, Ramirez's family "has posted [a] 'No Trespass' sign on the gate of the property.'" (*Id.* at 2). Gallaga asks to serve Ramirez by affixing a copy of the summons and the petition to the front gate of Ramirez's residence, arguing that this means of service "will be reasonably effective to give [Ramirez] notice of the lawsuit." (*Id.*).

The Federal Rules of Civil Procedure authorize service on an individual by complying with state-law service requirements. FED. R. CIV. P. 4(e)(1). Rule 4(e) provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of

general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual abode with someone of suitable age and discretion who resides there; or

(C) delivering copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

Texas Rules of Civil Procedure authorize alternative service on a "motion supported by affidavit stating the location of the defendant's usual place of [abode] and stating specifically facts showing that service has been attempted" by personal delivery or certified mail. TEX. R. CIV. P. 106(b). Under Rule 106(b), "the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

*Id.*

Gallaga's process server, Alana Willis, has testified that she attempted to personally serve Ramirez seven times. (Docket Entry No. 8 at 3). Even though Ramirez has not been home, Willis has spoken to or left messages with another male who lives at Ramirez's residence. (*Id.*). Willis believes that "an efficient way to effect service is by leaving a copy with anyone over 16 years of age or by securely attaching the" summons and petition to the gate of Ramirez's home. (*Id.* at 4).

Because Gallaga has filed a motion, supported by an affidavit showing that Willis has attempted to serve Ramirez at his residence, alternative service is authorized by Texas Rule 106(b). Texas courts have determined that securely attaching a copy of the complaint and summons to the front gate or door of the defendant's residence is an appropriate means of alternative service. *See Creaven v. Creaven*, 551 S.W.3d 865, 871 (Tex. App.—Houston [14th Dist.] May 22, 2018, no pet.); *see also Meyer v. Shinn Constr., Inc.*, No. 18-CV-3-DC-DF, 2018 WL 1905050, at *2 (W.D. Tex. Mar. 14, 2018). But Willis has spoken to and left messages with a male at Ramirez's residence, who indicated that he would have Ramirez contact her. The individual's representations suggest that leaving a copy of the petition and summons with him is likely to give Ramirez notice of the action. (Docket Entry No. 8 at 4).

Gallaga's motion for alternative service is granted. (Docket Entry No. 8). Gallaga may serve Ramirez by leaving a the petition, summons, and this Order with "anyone over sixteen years of age at" Ramirez's last known residence, located at 5613 Norments Street, Houston, Texas 77039. TEX. R. CIV. P. 106(b)(1). Gallaga must also affix the petition, summons, and this Order to Ramirez's front gate. Gallaga must file proof of service stating that the process server complied with these instructions by **May 10, 2019**. The hearing set for March 7, 2019, is reset for **March 14, 2019**, at 10:00 a.m. The hearing will proceed as scheduled unless Ramirez has not been served and Gallaga has not filed proof of service by **March 11, 2019**.

SIGNED on March 4, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge